Joseph A. Doran, J.
This is a proceeding to modify a Nevada decree of divorce in respect to its provisions for support of wife and child of the parties (see Family Ct. Act, § 466).
The petitioner is the former husband of the respondent herein. They were married on November 30, 1936, and the sole issue of the marriage was born on August 11, 1943. The parties separated on February 1, 1944, as a result of differences between them, and entered into a separation agreement, dated October 17, 1946, with “ lump-sum ” provision for support of the wife and child based on a percentage of the husband’s earnings. The contingency for apportionment — remarriage of the wife — has not occurred in this case.
*205 On January 2, 1947, the wife — who is the respondent in this proceeding — obtained a decree of divorce in the State of Nevada, which incorporated the separation agreement between the parties as aforesaid and directed compliance with its terms. The petitioner herein appeared in his wife’s action for divorce and, of course, does not question the validity of the decree in her favor.
The petitioner now seeks downward modification of the support provisions of the Nevada decree obtained by the respondent on the ground of change of circumstances (see Family Ct. Act, § 466, subd. [c]) in that the child of the parties attained majority on August 11, 1964, when she became 21 years of age. As appears — and it is not disputed — the said child is a college graduate, competent in all respects, and no longer the financial responsibility of either parent under the law.
The threshold question raised by the respondent is whether the petitioner — former husband — has standing to maintain this proceeding under section 466 of the Family Court Act. The said section is part of article 4 of the statute entitled “ Support Proceedings”, which defines the jurisdiction of the court and duties of support (§§ 411-418) and also provides the method and means for enforcement of said duties against the responsible parties (§§ 421-479). As plainly appears, the legislative purpose was to provide a statutory scheme to compel support of a dependent as required by law. A proceeding under section 466 of the Family Court Act is fully consistent with this intendment when brought for enforcement or upward modification of a decree of divorce providing for support in an appropriate case. (See, also, Family Ct. Act, § 461, subd. [b].)
The law, however, specifically enumerates the persons who “may originate a proceeding” under article 4 aforesaid in fulfillment and furtherance of the legislative plan to provide for support of dependents (see Family Ct. Act, § 422). This is a statutory list of the persons authorized to sue in this court, without any suggestion of a legislative intention to amplify the number. “ To say that parties are enumerated is to say by reasonable intendment that they are enumerated fully” (Hoadley v. Hoadley, 244 N. Y. 424, 432). The petitioner — who is not seeking to enforce any duty of support in this case — ds clearly not included in the enumeration of persons authorized to bring a proceeding under article 4 of the Family Court Act (§ 422). This court as a tribunal of limited jurisdiction possesses only such powers to grant relief as have been conferred by statute. The relief requested by the peti *206 tioner herein is not available on his application as initiating party in the first instance since the Legislature has not bestowed on him a right or status to ‘ ‘ originate ’ ’ the proceeding pursuant to law (Family Ct. Act, §§ 422, 466). It would seem that he is not entitled to an advisory opinion or equivalently a declaratory judgment in this court as to the extent of his liability to former wife under the Nevada decree of divorce when she does not ask to enforce it. (See, however, Matter of Fauser v. Fauser, 50 Misc 2d 601.)
It only remains to emphasize that the respondent requests no relief of any kind in this court. It appears that she prefers to pursue her remedies by plenary suit on the separation agreement between the parties in another forum. Nothing decided herein affects the rights or defenses of either party in such action, nor does it foreclose this court from considering the consequences or effect of a change of circumstances and other factors in the event that the former wife should seek enforcement of her Nevada decree of divorce at some time in the future. (Cf. Probst v. Probst, 259 App. Div. 1090, app. dsmd. 285 N. Y. 840.) Accordingly, the petition herein is dismissed.