M. Michael Potoker, J.
Petitioner’s motion to dismiss respondent’s cross application for a downward modification of support provisions contained in a separation agreement and subsequently incorporated in a Mexican divorce decree on grounds of lack of jurisdiction is denied.
If petitioner’s arguments prevail, the recent decision of the Court of Appeals in Matter of Seitz v. Drogheo (21 N Y 2d 181) upholding the constitutionality of subdivision (c) of section 466 of the Family 'Court Act would become a nullity.
Petitioner maintains that there is a significant and fundamental distinction between enforcement and modification; viz: the enforcement portion does not create new obligations, rights or liabilities; it merely provides for the enforcement of pre-existing rights and duties, while the power to modify may take away or impair vested rights previously acquired, which would be violative of due process.
In Matter of Seitz v. Drogheo (supra) the Court of Appeals upheld the constitutionality of subdivision (c) of section 466 of the Family Court Act in its entirety both as to enforcement and modification. In the Seitz case, which was originally tried before me, I denied respondent’s motion to dismiss on ground of unconstitutionality of subdivision (c) of section 466 and I sustained his right to seek a downward modification based on change of circumstances. The Court of Appeals had the entire record before it and in affirming my decision it did so in all respects including the right of petitioner to seek enforcement *225 and the right of respondent to counter-move for downward modification.
Petitioner also contends that since the Mexican court has no power to modify its own divorce decree, the Family Court of the State of New York is bound thereby under the principles of comity and, despite subdivision (c) of section 466, cannot constitutionally exercise this power.
While we are under no constitutional compulsion to give full faith and credit to the judgment of a court of a foreign nation (Rosenstiel v. Rosenstiel, 16 N Y 2d 64, 73; Wood v. Wood, 16 N Y 2d 64; see Rosenbaum v. Rosenbaum, 309 N. Y. 371, 375; Gould v. Gould, 235 N. Y. 14, 24-30; Ætna Life Ins. Co. v. Tremblay, 223 U. S. 185, 190), we frequently recognize such a judgment “as a matter of comity.” (Rosenstiel v. Rosenstiel, supra; see Fabrikant v. Fabrikant, 19 N Y 2d 154; International Firearms Co. v. Kingston Trust Co., 6 N Y 2d 406, 411.)
Comity has been defined as 1 ‘ the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws.” (11 Am. Jur., Conflict of Laws, p. 297.)
Section 1 of article IY of the Federal Constitution provides that “ Full Faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings of every other State.” By virtue of this clause and the acts of Congress in execution of it, the States sustain toward one another a relation different from that of foreign countries, and judgments of sister States stand on a higher plane than foreign judgments. (See Chicago & Alton R.R. v. Wiggins Ferry Co., 119 U. S. 615; 31 Am. Jur., Judgments, p. 141.)
XTnder comity, as contrasted with full faith and credit, the courts of this State have power to deny even prima facie validity to the judgments of foreign countries for policy reasons, despite whatever allegations of jurisdiction may appear on the face of such foreign judgments. (Rosenbaum v. Rosenbaum, supra.)
I submit that the State Legislature in enacting section 466 (subd. [c]) of the Family Court Act gave due recognition to foreign divorce decrees and its effect on litigants who were citizens of this State by authorizing the Family Court under paragraph (i) of subdivision (c) of section 466 of the Family Court Act to entertain an application to enforce the order or decree granting alimony entered by a court of competent jurisdiction not of the State of New York. On the other hand the same State Legislature in its wisdom concluded that the rights *226 of its citizens to modify the support provisions of the foreign divorce decree which it recognizes shall not in any manner be inhibited, notwithstanding the principles of comity, and that right is clearly spelled out in paragraph (ii) of subdivision (c) of section 466 of the Family Court Act.
This proceeding also involves support of two children in addition to alimony for petitioner. The law is well settled that since the children were not parties to the separation agreement or to the divorce that ensued, they are consequently not bound or estopped by the provisions thereof. (Van Dyke v. Van Dyke, 305 N. Y. 671; People ex rel. Jones v. Johnson, 205 App. Div. 190; Langerman v. Langerman, 203 Misc. 230; Halvey v. Halvey, 330 U. S. 610.) Their rights are adequately protected under sections 413 and 461 of the Family Court Act and it is under section 461 that petitioner now proceeds to enforce the order requiring support for the children.
Petitioner’s final argument is made in reliance on a decision rendered in this court by Judge Joseph A. Borah in Matter of Tarlow v. Tarlow (53 Misc 2d 204). The court therein held that a petition to modify downward, on account of change of circumstances, the support provisions of a Nevada divorce decree, cannot be made by the husband since he is not one of the persons who can “ originate ” a proceeding under article 4 of the Family Court Act (§§ 422, 466, subd. [c]).
The case at bar is distinguishable from Matter of Tarlow v. Tarlow (supra) in that therein it was the divorced husband and not the wife who initiated the proceeding under subdivision (c) of section 466 of the Family Court Act. There the ex-husband sought a downward modification while the wife apparently preferred to pursue her remedies by plenary suit on the separation agreement between the parties in another forum. Here, the petitioner (ex-wife) originally commenced the proceeding in the Family Court to enforce the' support provisions of the Mexican divorce decree, and respondent, once properly before the court, has the right to cross-move for a downward modification based on change of circumstances.
The record discloses that the action before this court resulted from a show cause order brought on by petitioner for vacation of a modified order, reinstatement of the original order and for referral of respondent’s cross application for downward modification to Central Trial Term for hearing.
Tarlow notwithstanding, I am of the opinion that to permit a divorced wife to seek upward modification of alimony provisions contained in a foreign divorce decree on the ground of change of circumstances, yet deny the same right to a divorced *227 husband to seek downward modification under the same statute, subdivision (c) of section 466 of the Family Court Act, would be violative of the Equal Protection Clause of section 1 of the Fourteenth Amendment of the Constitution of the United States which reads as follows: “ nor [shall any State] deny to any person within its jurisdiction the equal protection of the laws.” (Italics supplied.)
Parenthetically it is noted that the question raised here and in Tarlow will in the future be academic in view of legislation recently enacted authorizing ex-husbands to originate such proceedings. See chapter 331 of the Laws of 1968 which amends section 422 of the Family Court Act to authorize any party to decree of divorce, separation or annulment, to originate proceeding to enforce or modify decree of Supreme Court or court of competent jurisdiction not of this State.
Petitioner’s motion having been denied, the Clerk of Central Trial Term is directed to place the matter on the calendar on a mutually satisfactory date for all parties.