SALLY G. MORSE, Respondent, *v.* WILLIAM S. MORSE, Appellant. (Action No. 1.)

WILLIAM S. MORSE, Appellant, *v.* SALLY G. MORSE, Respondent. (Action No. 2.)

First Department, July 9, 1974.

*Richard H. Wels* of counsel (*Norman S. Nemser* and *Michael L. Trop* with him on the brief; *Moss, Wels & Marcus,* attorneys), for appellant.

*Barbara G. Kaplan* of counsel (*Leon, Weill & Mahony,* attorneys), for respondent.

KUPFERMAN, J.   In 1970, the parties entered into a separation agreement which provided that the defendant husband should pay to the plaintiff for support and maintenance the sum of $2,500 a month.   Shortly thereafter, a decree of divorce was entered in Mexico incorporating but not merging the provisions of the separation agreement and directing that alimony be paid in the aforesaid sum.   The plaintiff wife at the time of the divorce decree and at the present time has a very substantial personal income aside from that derived from the alimony payments.   At the time of the divorce decree, the husband enjoyed an income in six figures and had a net worth in excess of two million dollars.   Among other things, he was the president of a corporation engaged in dealing with franchised General Motors' dealers.   He owned a 25% interest in a corporation which, in turn, owned 44% of the stock of the company of which he was president, and which stock was selling at $29 a share. Thereafter, there were substantial financial reverses and his interests were wiped out.   In 1971, his gross income was some $8,000.

In recognition of the obvious deterioration in the husband's financial circumstances, the parties entered into an arrangement pursuant to which the husband made a payment of $7,500 on arrears of some $30,000, and the wife agreed to take no action for a year to recover any amounts due.

The wife has not remarried, but the husband has, and there are two children of this new marriage.

The husband's ability to make payments not having been enhanced, and an impasse having developed with respect to the amount of payment to be made, the husband commenced a proceeding in the Family Court under subdivision (c) of section 466 of the Family Court Act, seeking a modification of the support provision on the ground of a change in circumstances since the entry of the divorce decree. The wife then commenced an action in the Supreme Court to recover on the contract some $60,000 of arrears in support, and on her motion and with the consent of the husband, the Family Court proceeding was removed to the Supreme Court and consolidated with the action on the contract.

The consolidation, of course, was based on common questions of law and fact (CPLR 602, subd. [a]; *Millard* v. *Millard,* 44 A D 2d 812), and the Supreme Court would have jurisdiction over whatever issues are raised. (*Kagen* v. *Kagen,* 21 N Y 2d 532.) Actually, the wife is suing on the separation agreement and tries to distinguish a suit with respect to the divorce decree, because it is clear that with respect to a divorce decree (albeit a foreign decree) there would be jurisdiction for the Family Court and, in turn, the Supreme Court to make such modification with respect to alimony as the circumstances require. (Family Ct. Act, § 466, subd. [c]; *Matter of Seitz* v. *Drogheo,* 21 N Y 2d 181; *Matter of Silver* v. *Silver,* 45 A D 2d 110.)

The decision of the court at the Individual Calendar Part granting summary judgment in favor of the plaintiff wife on the separation agreement and dismissing the transferred Family Court petition by the husband for a modification, was on the ground that there were no genuine triable issues, and further that with respect to the petition there was no genuine controversy, because the wife respondent was not threatening to enforce her remedies under the decree.

We affirm the determination with respect to the arrears sued on under the contract, but reverse and remand for a hearing with respect to the petition, on the law, without costs.

In *McMains* v. *McMains* (15 N Y 2d 283), where a valid separation agreement was incorporated in but not merged with a divorce decree, a wife was allowed to show that her circumstances were such that a modification for an increase was necessary. This in the face of a separation agreement providing for support in an amount reasonable when made. The *dissent* by Judge Fuld clearly raises the issue before this court (pp.

293–294): '' In sum, then, it is my view that, although a court has the statutory power to modify a decree, even though there is a separation agreement which survives the decree, the court may not exercise that power if, as in the case before us, to do so would impair the rights of either party under their existing and valid agreement.''

The holding in the *McMains* case is referred to in Law and the Family by Foster-Freed (§ 28:27, p. 428) as follows: '' Thus, the Court of Appeals has held that the alimony provisions of a divorce decree predicated upon a separation agreement, which was valid and adequate when made and which expressly survived the decree, might be modified so as to increase the amount of alimony. It was emphasized by the court that section 236 of the Domestic Relations Law unified and broadened the court's discretionary power.''

Under section 236 of the Domestic Relations Law, with respect to alimony, the circumstances of the parties are considered, and pursuant to the 1968 amendments, also '' the ability of the wife to be self supporting.''

Clearly, if a wife's special needs allow an increase in her alimony despite an agreement for a fixed amount, a husband who alleges that he is '' totally incapable '' of meeting his obligations, should have the same right by virtue of his special needs to attempt to reduce the amount of alimony. *McMains* v. *McMains* cannot stand merely for half of this proposition.[*]

The order and judgment should be reversed on the law insofar as they dismiss the petition in Action No. 2 and the proceeding remanded for hearing, without costs or disbursements.

LUPIANO, J. (dissenting in part). I would affirm the order and judgment in their entirety. Plaintiff sues in an action in the Supreme Court, New York County, to recover moneys due (support arrears) on a contract (separation agreement) entered into between her and defendant, her former husband, which provided, *inter alia,* that the defendant should pay to the plaintiff for support and maintenance the sum of $2,500 per month. The provisions of this agreement were incorporated, but not merged, into a subsequent Mexican divorce decree. Immediately prior to plaintiff's suit, the defendant had initiated a proceeding in the Family Court pursuant to section 466 (subd. [c], par. [ii]) of the Family Court Act to obtain a modification *of the divorce decree* on the ground that there had been a subsequent adverse change of financial circumstances. This pro-

---

[*] Cf. *Wolf* v. *Illustrated World Encyclopedia,* 41 A D 2d 191, 193 [1st Dept., 1973], affd. 34 N Y 2d 834 (1974) (Mem.)

ceeding, on consent, was transferred to the Supreme Court and consolidated with plaintiff's contract action.

The majority, recognizing the right of the plaintiff to sue on the separation agreement, affirmed the determination of the Supreme Court, New York County (ROSENBERG, J.) insofar as it awarded plaintiff the arrears sued for *under the contract*. With the contract action disposed of, there only remains for consideration the proceeding initiated by the defendant for a downward modification of the support and maintenance provisions *of the divorce decree*. It is important to note that no action or proceeding has been or is brought by the former wife to obtain modification of the decree and as so modified, to enforce the terms of that decree. We are, therefore, faced with the proposition — whether a party subject to the support and maintenance provisions of (1) a divorce decree and (2) an unmerged separation agreement can obtain an amendment of such provisions in the divorce decree in the absence of any suit or controversy involving enforcement of that decree, but, on the contrary, in the presence of a suit to enforce the separation agreement.

It is clear that subdivision (c) of section 466 of the Family Court Act, conferring upon the Family Court concurrent jurisdiction with the Supreme Court to enforce and modify foreign decrees of alimony or support, did not create a new remedy authorizing the Family Court to judicially reform the separation agreement (*King v. Schultz*, 29 N Y 2d 718, affg. 36 A D 2d 810; *Kaye v. Kaye*, 38 A D 2d 753). *McMains v. McMains* (15 N Y 2d 283), relied on by the majority, clearly involves an application by a wife to modify a divorce decree. The Court of Appeals in the context of a real controversy, to wit, the attempt by the wife to enforce her rights under the decree by obtaining an upward modification of the alimony provision and payment thereunder, held that proven need is a sufficient basis upon which to afford such relief. Further, the court reiterated " that subsequent decree modifications leave the prior nonmerged support contract still in existence qua contract " (*McMains v. McMains, supra*, p. 285). I concur in the proposition that in an appropriate context a husband who alleges and sufficiently demonstrates change of circumstances should be afforded the same right by virtue thereof to attempt to reduce the amount of alimony. If the wife seeks to modify and, as so modified, enforce the support provisions of the decree, this is an appropriate context. If the wife seeks to enforce the support provisions of the agreement, then within the ambit of con-

tract law and derivative equitable principles an appropriate context exists. However, on this record, in light of the affirmance of the award to the wife of support arrears under the contract and in the absence of any attempt to modify and, as modified, enforce the divorce decree, or to simply enforce the decree, no appropriate context is present.

Relief pursuant to section 466 of the Family Court Act is intended for real issues. Given the context of the petition in Family Court (subsequently transferred to the Supreme Court and consolidated as aforesaid), the former husband has not shown that he has suffered injury or any threat of harm under the decree. He has simply alleged a change in financial circumstances, but has not shown that he has been asked to comply with the support provisions of that decree. It is submitted that, in the absence of enforcement proceedings under the Family Court Act, the granting of the request by the former husband for downward modification of the support provisions of the decree would, on this record, be a futile exercise because the husband is requesting the equivalent of a declaratory judgment in the absence of a justiciable controversy. Under these circumstances, the husband seeks relief from a contingency; relief, moreover, which cannot offer a final determination of the rights of the parties in the event of future changes of circumstances with respect to either or both of the parties. For the Supreme Court to have entertained the petition for modification of the decree, on this record, would clearly have been an empty exercise having no consequence in reality and would represent an inconsistency of judicial purpose.

NUNEZ, J. P., and TILZER, J., concur with KUPFERMAN, J.; MURPHY and LUPIANO, JJ., dissent in part in an opinion by LUPIANO, J.

Order and judgment, Supreme Court, New York County, entered on December 26, 1973 and January 24, 1974, modified, on the law, to reverse them insofar as they dismiss the petition in Action No. 2, and remand for a hearing, and otherwise affirmed, without costs and without disbursements.