■ FAITH F. BARRER, Respondent, v ROGER BARRER, Appellant.—Order entered in the Supreme Court, New York County, on May 7, 1975 confirming the report of a Special Referee and directing the entry of judgment for arrears of alimony and denying defendant's motion for a downward modification of alimony and child support, modified, on the law and the facts, to the extent of granting defendant's motion to reduce the amount of alimony and child support to $2,500 per month from March 1, 1975 and, as so modified, the order is affirmed, without costs and without disbursements. We find, on this record, that the husband by uncontroverted evidence established that there has been a substantial adverse change in his financial circumstances and that his financial plight necessitates an adjustment of the obligations under the divorce decree for alimony and child support. It was shown that the husband's income had been reduced to 30% of that which he was receiving at the time of the entry of the judgment. Under all the circumstances, a proper balance of the equities as they are envisioned in section 236 of the Domestic Relations Law would require a downward modification of defendant's obligation to $2,500 per month for alimony and child support, such modification to take effect as of March 1, 1975. Concur—Capozzoli and Nunez, JJ.; Lupiano and Silverman, JJ., concur in the following memorandum. Murphy, J. P., dissents and would affirm for the reasons set forth in the Special Referee's report and the decision of the court confirming said report. Lupiano and Silverman, JJ. (concurring). There was an oral stipulation in the divorce action covering support, property settlement etc. The divorce *judgment* provided that the stipulation "is incorporated herein by reference but shall survive and shall not be merged in this judgment and the Court retains jurisdiction of this matter for the purpose of specifically enforcing the provisions of that stipulation as are capable of specific enforcement." Curiously this language does not appear in the stipulation itself. In concurring in the modification, we do not pass on the question of whether plaintiff-wife's contractual rights under the stipulation and her right to a money judgment for arrears of alimony may still be enforced by action at law. *(See Goldman v Goldman,* 282 NY 296, 304–305; *Morse v Morse,* 45 AD2d 370.) We do not think the contractual issues have been directly litigated.

■ ITALIAN AMERICAN CENTER FOR URBAN AFFAIRS, INC., Appellant, v VILLAGE VOICE et al., Respondents.—Order, Supreme Court, New York County, entered on January 24, 1975, unanimously affirmed on opinion of Silverman, J., at Special Term, and that the respondents recover of the appellant $60 costs and disbursements of this appeal. Concur—Stevens, P. J., Markewich, Murphy, Capozzoli and Lane, JJ.