■  ANITA HUNTER, Respondent, v EVAN HUNTER, Appellant.—Order and judgment, Supreme Court, New York County, entered November 4, 1976, which granted plaintiff summary judgment, unanimously affirmed, without costs and without disbursements, for the reasons stated at Special Term. This is without prejudice to a submission pursuant to the separation agreement of April 17, 1973 between the parties, to the court under the provisions of the New York Simplified Procedure for court determination of disputes, CPLR 3031, et seq., of the contention by the husband of a substantial change in circumstances leading to a diminution of the amount of alimony. The provision in the separation agreement for conferring jurisdiction for amounts "thereafter to be paid" is proper. Stoddard v Stoddard (227 NY 13) was determined long before the procedural devices which permit submission. To look into a change of circumstances in marital support cases is not uncommon. (Kover v Kover, 29 NY2d 408.) However, the agreement contemplated the submission of a contention of change for the future and not retroactively. Concur—Kupferman, J. P., Evans, Capozzoli, Lane and Yesawich, JJ.

■  THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT STOKES, Respondent.—Order, Supreme Court, New York County, dated November 19, 1976, granting defendant's motion to suppress physical evidence, is unanimously reversed, on the law and on the facts, and the motion to suppress is denied. Findings of fact inconsistent herewith are reversed. A police officer saw glassine envelopes fall from the vicinity of defendant's hand to the ground close to defendant's feet at a time when the nearest other person was five feet away from the defendant. The glassine envelopes were a "telltale sign of heroin." (People v Corrado, 22 NY2d 308, 313; see, also, People v Alexander, 37 NY2d 202.) We find that the officer had probable cause to arrest for the commission of the crime of possession of narcotics. As incident to that arrest, the police officer had the right to frisk and search the defendant. Such frisk and search disclosed on the defendant's person the weapon which is one of the objects sought to be suppressed. Concur—Birns, J. P., Silverman, Evans and Capozzoli, JJ.