OPINION OF THE COURT
Daniel G. Albert, J.
The within action for a money judgment came before this court for trial on July 14, 1977. Thereafter, by memorandum decision dated July 29, 1977, the court directed counsel to furnish this court with the complete Family Court records with respect to the parties’ proceedings therein. Through a clerical error, the pertinent records were not furnished to this court until October 11, 1977.
This is an action for a money judgment in the sum of $19,637 based on a breach of a separation agreement entered into between the parties on December 15, 1969 which survived *120 the foreign divorce decree dated January 2, 1970. At issue herein is the interpretation to be accorded paragraph 24 of the aforesaid agreement which provides as follows: "Modification By Court Decree: In the event that any court of competent jurisdiction shall hereafter, by virtue of any statute, modify the terms hereof with respect to support and maintenance, such modification shall apply to this Agreement with the same force and effect as though it constituted the original terms hereof.”
The documentary evidence adduced herein showed that the Family Court of Nassau County by orders dated July 17, 1973 and March 12, 1974 fixed the support for plaintiff and the children in the sum of $71 and $95 per week respectively while paragraph 9(a) of the separation agreement provides that defendant was to pay the sum of $200 per week under the contract.
Defendant claims that the Family Court orders fixing support for plaintiff and the children constitute a binding modification of the separation agreement pursuant to the parties’ agreement as set forth in paragraph 24 wherein they agreed that any court of competent jurisdiction shall have authority to modify the support and maintenance terms of the agreement. Plaintiff argues that while the Family Court had jurisdiction to enforce or modify the judgment of divorce, it did not have jurisdiction to make a new contract between the parties, and generally this court would agree that this is a correct statement of the law (see Iseman v Iseman, 48 AD2d 809; Morse v Morse, 45 AD2d 370).
However, plaintiff’s argument misstates and overlooks the real issue, which, as the court views it, is whether or not the parties contractually agreed to be bound by any modification of the support provisions of the subject agreement which a court of competent jurisdiction may make in futuro. The court concludes that the answer to that inquiry must be in the affirmative. Plaintiff wife was represented by counsel in the separation agreement (see par 17 thereof) and a further review of the pertinent Family Court proceedings shows that plaintiff wife was represented by counsel in each of the subject proceedings, that is, July 17, 1973 and March 12, 1974. Moreover, a search of the file reveals that a copy of the subject separation agreement is contained in the Family Court file. Thus, it is readily apparent that plaintiff’s rights were fully protected in the Family Court proceedings.
*121 Under the circumstances herein, the court concludes that the provision in the separation agreement sub judice wherein the parties agreed to permit a court of competent jurisdiction to modify the support terms of the separation agreement is proper and binding (see Hunter v Hunter, 57 AD2d 797) and accordingly, judgment is rendered in favor of the defendant dismissing the complaint.