■ JOAN KLEILA, Appellant, v RICHARD KLEILA, Respondent.—In an action to recover alimony and child support arrears due under a separation agreement, which was incorporated but not merged in a judgment of divorce, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered January 18, 1978, which, after a hearing, dismissed the complaint. Judgment reversed, on the law, with costs, judgment is awarded to plaintiff in the amount of $19,637, as arrears, and the action is remitted to Special Term for entry of an appropriate judgment. The issues in this case center about the interpretation to be accorded paragraph 24 of the parties' separation agreement, which provides: "MODIFICATION BY COURT DECREE: In the event that any court of competent jurisdiction shall hereafter, by virtue of any statute, modify the terms hereof with respect to support and maintenance, such modification shall apply to this Agreement with the same force and effect as though it constituted the original terms thereof." The record shows that sometime prior to the start of this action, the provision of support contained in the judgment of divorce had been modified downward as the result of two orders of the Family Court, Nassau County. Special Term dismissed the plaintiff's complaint seeking arrears due under the separation agreement, which had been incorporated but not merged in the divorce decree, on the ground that the Family Court orders fixing support constituted a binding modification of the separation agreement pursuant to paragraph 24 thereof. There is no doubt that parties to a separation agreement can agree to permit a court of competent jurisdiction to modify the support terms of the agreement (cf. *Hunter v Hunter,* 57 AD2d 797). The fact remains that while the Family Court has jurisdiction to modify a judgment of divorce, it does not have jurisdiction to modify the support provisions of a separation agreement. Plaintiff has an absolute right to a money judgment for the difference between the amount specified in the agreement and the amount paid by defendant pursuant to the Family Court orders (see *King v Schultz,* 29 NY2d 718), which the parties stipulated at trial to be $19,637. Titone, J. P., Suozzi, O'Connor and Shapiro, JJ., concur. [92 Misc 2d 119.]

■ EUAN C. MALCOLMSON, Appellant, v DIANA J. MALCOLMSON, Respondent.—Order of the Supreme Court, Suffolk County, dated November 17, 1978, affirmed, with $50 costs and disbursements, for the reasons set forth in the opinion of Mr. Justice Jones at Special Term. Hopkins, J. P., Lazer, Rabin and Gulotta, JJ., concur.