■ ANNETTE F. BENJAMIN, Respondent, v BRY BENJAMIN, Appellant.— Judgment, Supreme Court, New York County, entered January 31, 1979, in plaintiff's favor for alimony and child support arrears in the sum of $19,183.36, with interest, unanimously modified, on the law, to the extent of directing partial judgment in plaintiff's favor for alimony and child support arrears in the reduced sum of $8,382.52, with interest; the issues of whether the parties orally agreed in January, 1976 to reduce the alimony and support prospectively by $300 per month from $3,154.84 to $2,845.84 and whether defendant is entitled to a counsel fee are remanded for a hearing; and, as so modified, affirmed, without costs and disbursements. Appeals from two orders of said court, entered on January 29, 1979, which, inter alia, and respectively granted plaintiff's motion for alimony and child support arrears in the sum of $19,183.36 and denied in part defendant's cross motion, dismissed, without costs, such orders being subsumed in the judgment appealed from. On June 28, 1974, the parties entered into a written stipulation wherein defendant agreed to pay plaintiff $3,154.84 per month for alimony and child support. The stipulation, "so ordered" by the court, merged into the judgment of divorce granted plaintiff wife on February 20, 1975. Defendant asserts that in January of 1976 the parties agreed to modify the alimony and child support prospectively by rendering the monthly payments in the amount of $300 (from $3,154.84 to $2,845.84). Plaintiff, in opposition, asserts that she never agreed to a reduction, but simply did not object to defendant's reduced payments beginning with the February, 1976 monthly payment, as she was under the apprehension that defendant was paying all of the expenses for the son at the Devereux Foundation. Upon ascertaining that defendant had not made payment for such expenses, plaintiff avers, she initiated this action. Patently, defendant's answering averment raises a material issue of fact as to the extent of his default in payments insofar as the alleged oral agreement to reduce the payments by $300 per month is concerned. A plenary hearing is required to resolve that issue (see Derosia v Derosia, 61 AD2d 885). However, it is equally clear that even assuming there was an agreement entered into which, under the circumstances herein, justified the withholding by defendant of $300 from each monthly payment commencing with the February,

1976 payment, defendant was still in arrears in the sum of $8,382.52 for the period from and including February, 1976 to and including January, 1979. This amount is computed by deducting the amount received by plaintiff for alimony and child support during such period from the amount she should have received (assuming the validity of a $300 per month deduction from the $3,145.84 due monthly to $2,845.84 per month). Accordingly, plaintiff is awarded partial judgment in that amount, together with interest. With respect to defendant's claim for downward modification of the alimony and child support payments retroactively, Special Term properly denied relief. As aptly noted by Special Term: "a party who waits until the other party attempts to enforce rights under a judgment or order before asking that such party's obligations under such judgment or order be nullified retroactively has by such laches waived any rights to alter such past obligations." Further, on this record we perceive no basis otherwise warranting a retroactive downward modification of alimony and child support. The issue of whether defendant is entitled to a counsel fee in resisting plaintiff's action is remanded for determination at the hearing. Concur—Kupferman, J. P., Birns, Sullivan, Lupiano and Silverman, JJ.