■ In the Matter of Mary Credle, Respondent, v Motor Vehicle Accident Indemnification Corporation, Appellant.—Order, Supreme Court, New York County, entered July 19, 1979 compelling appellant MVAIC to accept petitioner Credle's late notice of claim, unanimously

reversed, on the law, without costs and disbursements, and the application denied. Petitioner was injured on October 15, 1977 when struck by a motor vehicle allegedly owned by Saul Rids and operated by another. Information obtained by her counsel from the Department of Motor Vehicles indicated Rids' vehicle was insured by Maryland Casualty Company. However, on December 6, 1977, Maryland informed counsel that Rids' insurance coverage had not yet been confirmed. On February 15, 1978 the carrier advised that, despite extensive investigation, it had found no record of a policyholder named Saul Rids and, unless evidence of coverage was provided, it could not consider the matter further. A notice of claim was filed with MVAIC in March, more than 90 days following the accident. Shortly thereafter, MVAIC requested petitioner's counsel to furnish information to enable it to decide whether it could accept the late filing. There was no response to this request until some 15 months later. Since petitioner's application to permit late filing of her claim was not made within one year of the accrual of her claim as required by subdivision (c) of section 608 of the Insurance Law, the court was powerless to grant the relief sought. (Matter of Thomas v Jiminez, 52 AD2d 782.) Concur—Birns, J. P., Sandler, Ross, Bloom and Yesawich, JJ.