CATHY S. SILVER, Respondent, v JOHN A. SILVER, Appellant.

First Department, March 6, 1980

---

## APPEARANCES OF COUNSEL

*Robert Stephan Cohen* of counsel *(Marian F. Dobbs* with him on the briefs; *Lans Feinberg & Cohen,* attorneys), for appellant.

*Larry M. Carlin* of counsel *(James W. Reiman,* attorney), for respondent.

## OPINION OF THE COURT

SILVERMAN, J.

This is an appeal by defendant John A. Silver, plaintiff's former husband, from an order of the Supreme Court which granted plaintiff, Cathy S. Silver, the former wife, a judgment for arrears, to May 15, 1978, of support pursuant to a Mexican divorce decree, and denied defendant husband's cross motion for a downward modification of his support obligations for the period prior to May 15, 1978, referred to a Referee certain issues with respect to the period after May 15, 1978, and excluded other issues, and granted plaintiff interim counsel fees of $1,000.

The procedure which gave rise to the order appealed from is described by plaintiff wife's attorney as an action pursuant to section 244 of the Domestic Relations Law and sections 466 and 461 of the Family Court Act for a judgment for arrears of alimony based upon a Mexican divorce decree. The court had jurisdiction, both as to subject matter and the person* (see *Tannenberg v Beldock,* 68 AD2d 307; *Morse v Morse,* 45 AD2d 370).

---

* We need not decide whether the powers and jurisdiction of the Supreme Court in this case rest on section 244 of the Domestic Relations Law as well as sections 466 and 461 of the Family Court Act. In our view, that question does not affect the result in this case.

■ There is an action pending in the Supreme Court, New York County, in which the wife seeks to recover payments due under the separation agreement between the parties which was incorporated in the Mexican divorce decree. That action has the same caption and County Clerk's index number as the application for judgment for arrears. There seems to be some uncertainty as to whether there are two actions, or only one with the application for a judgment for arrears being in essence a motion in the action. We need not decide this esoteric question. Clearly, the complaint in the first action could have been amended to ask for relief under section 244 of the Domestic Relations Law and sections 466 and 461 of the Family Court Act. In our view, the two proceedings are sufficiently related so that jurisdiction over the person of the defendant husband acquired in the action on the separation agreement suffices for the application under section 244 of the Domestic Relations Law and sections 466 and 461 of the Family Court Act and service in that application was properly directed to be made on the husband's attorneys in the action.

■ ■ However, in proceeding under section 244 of the Domestic Relations Law or sections 466 and 461 of the Family Court Act for a judgment for arrears of moneys due under a judgment or order, as distinct from an action on the separation agreement, the wife is not entitled as of right to such a judgment. Rather section 244 of the Domestic Relations Law provides that "the court in its discretion may make an order directing the entry of judgment for the amount of such arrears, or for such part thereof as justice requires having a regard to the circumstances of the respective parties". (See *David v David,* 74 AD2d 542; *Woicik v Woicik,* 73 AD2d 901.) And the language of subdivision (c) of section 466 and section 461 of the Family Court Act is similarly permissive rather than mandatory, providing that the Family Court "may" entertain an application to enforce or modify the order or decree granting alimony or support. We deal here with a decree of a Mexican court, enforceable in this State on principles of comity, but not covered by the full faith and credit clause of section 1 of article IV of the United States Constitution. We think that such comity is respected if we give the Mexican judgment the same degree of enforceability with respect to entering a judgment for arrears as we would give to a similar application based on a judgment of a New York

court, i.e., a remedy under section 244 of the Domestic Relations Law subject to the discretion therein provided.

■ The Special Term Justice did purport to exercise her discretion, but granted the judgment for arrears because the defendant had waited until an enforcement motion was brought before he brought his alleged change of circumstances to the court's attention, and said that defendant had been aware of plaintiff's efforts at enforcement since December, 1977 when her complaint in the action on the separation agreement was served, the motion for enforcement being made by order to show cause dated June 5, 1978, and defendant's notice of cross motion for modification being dated October 19, 1978. Delay in bringing to the court's attention a change in circumstances is certainly a very relevant consideration in determining how the court should exercise its discretion. However, our quotation from the Special Term in *Benjamin v Benjamin* (70 AD2d 813, 814) is not to be taken as meaning that such delay is always conclusive. In the present case, it appears that defendant did interpose an answer dated February 1, 1978, to the complaint on the separation agreement in which he included a counterclaim alleging essentially the same change of financial circumstances as he now claims; that he is "presently totally incapable of meeting his support obligations to the plaintiff under the Separation Agreement"; and that his subsequent change of circumstances requires a modification of the support obligations of the defendant under the separation agreement, both with respect to arrears and the future. And the prayer for relief in defendant's answer demanded judgment, among other things, modifying the separation agreement *nunc pro tunc,* in such manner as the court in the exercise of its discretion shall determine to be just and proper. In the circumstances, we think that defendant did make his claim of changed circumstances and indeed for modification reasonably promptly after he was aware of plaintiff's efforts at enforcement by the service of her complaint.

Defendant husband has alleged facts indicating a change of circumstances very severely affecting his ability to meet the payments required by the Mexican decree, antedating the period for which the judgment for arrears has been sought. The reference to the Referee should be broadened to include the claim for arrears and the changed circumstances, if any, relevant thereto.

Defendant husband has remarried twice, and it is alleged

that the daughter of the parties lived with defendant husband for a period. In considering what should be done with respect to the motion for enforcement, and defendant's cross motion for modification, the Referee should consider the present financial and family circumstances of the parties. On the other hand, we agree with Special Term that the alleged breaches of the visitation rights and plaintiff's alleged misapplication of support funds have not been established sufficiently to warrant their consideration by the Referee.

■ Special Term awarded a counsel fee of $1,000 on the enforcement motion. In the absence of a showing of the wife's financial need for such an award to enable her to carry on the proceeding, the award was premature.

The order and judgment (one paper), Supreme Court, New York County (F. K. SHEA, J.), entered May 31, 1979, should be modified, on the law and the facts, and in the exercise of discretion, to the extent of striking the third, fourth, fifth, sixth, seventh and thirteenth decretal paragraphs; and the issues relating to plaintiff's right to a judgment for arrears of support since December, 1977 should be included in the reference to the Referee, and the Referee should consider the present family and financial circumstances of the parties, and the order should otherwise be affirmed, without costs.

KUPFERMAN, J. P., SANDLER, ROSS and CARRO, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on May 31, 1979, modified, on the law and the facts, and in the exercise of discretion, to the extent of striking the third, fourth, fifth, sixth, seventh and thirteenth decretal paragraphs; and the issues relating to plaintiff's right to a judgment for arrears of support since December, 1977 are included in the reference to the Referee, and the Referee should consider the present family and financial circumstances of the parties; and the order is otherwise affirmed, without costs and without disbursements.