■ JUNE M. CASTLE, Respondent, v JEROME L. CASTLE, Appellant. — Order, Supreme Court, New York County, entered on July 24, 1979, affirmed on opinion of F. Shea, J., at Special Term, without costs and without disbursements. Concur — Murphy, P. J., Ross, Yesawich and Carro, JJ.

Kupferman, J., dissents in part in a memorandum as follows: I dissent in part and would modify to grant only partial summary judgment to the plaintiff in the amount of $35,000, and remand for a hearing with respect to the remaining $7,500, and further to grant the defendant a hearing on his request for a downward modification of alimony based on the change of circumstances, effective with the time of his request for affirmative relief. The parties were divorced in 1970, and pursuant to that judgment the plaintiff received the sum of $2,500 per month for her support and that of the three children of the marriage. It is undisputed that he paid the amounts due for some six and one-half years. Thereafter, defendant encountered financial difficulties, losing an income of approximately half a million dollars a year and his position as president and chairman of the board of a public corporation, and was subsequently indicted for conspiracy and fraud. He is presently in the penitentiary. Defendant contends that he made payments for three months beyond the time the plaintiff indicates that he made payments. It appears this is substantiated by papers on record in the Supreme Court, Nassau County. He is entitled to a hearing on this. (See *Benjamin v Benjamin,* 70 AD2d 813.) While his request for a downward modification should not be made retroactive (see *Benjamin v Benjamin, supra),* he would be entitled to consideration for affirmative relief on that score as of the time he raised the question in answer to the plaintiff's suit.

She alleges that he is secreting assets in order to insulate himself from creditors. While that may be, if so shown, a basis for the denial of his contention, he is entitled to a hearing on the subject. Obviously, if he is in the penitentiary, his current income would be substantially less than it was as the head of a public corporation. *(Morse v Morse,* 45 AD2d 370, app dsmd 36 NY2d 911; *Butler v Butler,* 50 AD2d 776.)