■ AGNES STANDLEY, Respondent-Appellant, v LEON H. STANDLEY, Appellant-Respondent. — In a matrimonial action in which the plaintiff wife had been granted a judgment of divorce in 1974, the parties cross-appeal from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered October 27, 1980, which, after a hearing, (1) denied the defendant's application for a downward modification of alimony, (2) stayed the plaintiff from proceeding against the defendant to recover arrears which had accumulated to the date of the judgment, and (3) directed defendant to pay plaintiff a counsel fee of $1,500. Judgment modified, on the law, (1) by deleting the provision denying defendant's application for a downward modification of alimony, (2) by modifying the provision staying the plaintiff from proceeding against defendant to recover arrears to provide for a stay only from the date of the defendant's application to the date of the judgment, and (3) by deleting the award of a counsel fee to the plaintiff. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to Special Term for further proceedings in accordance herewith. The parties were married in August, 1965. In 1974 the wife was granted an uncontested divorce. Prior to entry of the divorce decree, the parties entered into a stipulation on the record which provided, *inter alia*, that the defendant would pay alimony of $135 per week. The stipulation, which was to survive the divorce decree, also provided that the defendant would have "the right to apply * * * for a modification of the stipulation * * * upon condition that [the prime customer of the husband's business] * * * cancels or does not renew the contract with the defendant's corporation". In

September, 1976, that customer, which had accounted for about 95% of the corporation's business, terminated its contract because it could obtain services at a lesser cost from a foreign competitor. The defendant's business faltered and has been closed and in liquidation since about March, 1977. The defendant's annual income, which was more than $60,000 in 1974, has dropped to approximately $13,000 and consists of Social Security disability payments, an annuity and a small union pension. The defendant is considered by the Social Security Administration to be totally disabled and unable to work because of his heart condition. These facts were uncontradicted at the hearing, at which plaintiff offered no testimony or other evidence. The stipulation constitutes a contract between the parties and cannot be modified by the courts absent a clear expression of intent that its provisions may be modified by judicial proceedings under stated conditions (see *Kleila v Kleila,* 50 NY2d 277; *Bowmer v Bowmer,* 50 NY2d 288; *Goldman v Goldman,* 282 NY 296; *Hunter v Hunter,* 57 AD2d 797). In the instant stipulation, the parties set forth an explicit provision to permit judicial reconsideration of the alimony obligations in the event that the defendant's company lost its major customer. The record shows that the customer account was lost through no fault of the defendant or his company, causing a drastic decrease in the defendant's income. This was the condition to permit him to apply to court to modify the obligations. The record in its present posture does show a significant change in defendant's circumstances (see *Kover v Kover,* 29 NY2d 408). Although the defendant himself did not think that his general health had changed since his first heart attack, the record shows that he was hospitalized on a number of occasions because of his heart condition and that neither the Social Security Administration nor his physician considers him able to work now or to resume work in the future. The evidence presented on behalf of the defendant strongly suggests that a significant reduction in the defendant's obligations would be justified, but in the absence of any evidence about the plaintiff's present financial circumstances, we cannot reach a final determination on this question. The matter is thus remanded in order to obtain such information about the plaintiff so that the question can be resolved. The trial court forgave arrears from about October, 1978 to the date of the judgment by staying the plaintiff from proceeding on her arrearage claim. Since the stipulation between the parties shows no intent to permit a retroactive modification of payments, the court cannot eliminate alimony due prior to the date of the defendant's application (see *Hunter v Hunter,* 57 AD2d 797, *supra).* On remand the trial court should calculate the amount of any arrearages for the preapplication period. Plaintiff's argument that defendant's delay bars relief is without merit since the delay was not substantial and he made his application promptly once plaintiff sought enforcement (see *Silver v Silver,* 73 AD2d 162). The award of a counsel fee to plaintiff was improper and must be vacated. Plaintiff failed to demonstrate an inability to pay such fee (see *Palmer v Palmer,* 76 AD2d 905; *Emmer v Emmer,* 69 AD2d 850). Moreover, on the present record, even had such need been shown, the amount awarded seems excessive. Hopkins, J. P., Mangano, Margett and Thompson, JJ., concur.