OPINION OF THE COURT
Mary Ann Killeen, J.
This action was commenced by order to show cause, entered in this court April 2, 1981, wherein the petitioner Dorothy Huttenlocker seeks a judgment of arrears against the respondent Philip Damstetter for unpaid child support. Petitioner further seeks counsel fees on her behalf for representation throughout these proceedings.
The basis for petitioner’s requested relief is an order of this court dated April 12,1979 directing respondent to pay $50 per week child support “while employed”. A subsequent order of this court modified that order, to the extent of directing payment of the $50 per week to the Erie County Support Collection Unit.
On May 18, 1981 this court referred the matter to the hearing examiner for findings of fact. The hearing examiner’s report was filed on July 2, 1981. Within the 15 days permitted, both parties by their respective counsel, entered objections to the hearing examiner’s report.
On the basis of the hearing examiner’s report, this court makes the following findings of fact:
1. The total unpaid child support for the periods in question is $950 for the year 1979; $2,600 for the year 1980 and $1,300 through June 30, 1981.
*485 2. The respondent never sought a modification of the outstanding court orders directing payment of child support, whether or not he was employed.
3. During the year 1979, respondent was hospitalized and did require the first three months to recuperate, during which time he was unable to work.
4. The respondent failed to make support payments for the last seven weeks of 1979, and made no showing of good cause for failing to make application for relief ($350).
5. Respondent failed to make support payments from January 1, 1980 through December 31, 1980 and made no showing of good cause for failing to make application for relief ($2,600).
6. Respondent failed to make support payments from January 1, 1981 through June 30, 1981 and made no showing of good cause for failing to make application for relief ($1,300).
7. Although there was some testimony by respondent, unsubstantiated by credible evidence, that there were periods of unemployment throughout the period in question, respondent failed to affirmatively act to modify his obligations under the previous court orders.
8. Similarly, respondent failed to request prospective relief from his obligations under the previous court orders, but rather waited until petitioner commenced her action for enforcement before seeking such relief.
On the basis of the above findings of fact, the court is compelled to enter a judgment in the amount of $4,250. In addition, counsel fees in the amount of $1,200 are awarded to the petitioner from the respondent, payable on or before February 1, 1982.
The recent amendment to section 460 of the Family Court Act has indicated a legislative concern with the previous wide discretion granted to the Family Court, in disposing of requests for arrears. The section, as amended by chapter 645 of the Laws of 1980, states that the court: “shall make an order directing the entry of judgment for the amount of such arrears, together with costs and disbursements unless the defaulting party shows good cause *486 for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears [emphasis added]”.
The amendment likewise eliminated the previous wording: “or for such part thereof, as justice requires having a regard to the circumstances of the respective parties”.
Clearly, the intent of the Legislature was to remove the cancellation of arrears from the discretion of the court, absent a showing of “good cause” by the respondent for having failed to seek prospective relief. Family Court is a court of limited jurisdiction, with its subject matter jurisdiction and procedural requirements specifically outlined by statute. (Matter of Tarlow v Tarlow, 53 Misc 2d 204.)
The mandatory nature of section 460 of the Family Court Act, as amended, can be contrasted with the retention of less restrictive language in the correlative section of section 244 of the Domestic Relations Law. Whether this was by legislative oversight or intentionally retained in light of the inherent powers of the Supreme Court, as a court of general jurisdiction, is not important.
Therefore, except for the finding of physical disability on the part of the respondent in early 1979, there has been no showing of “good cause” on the part of the respondent. As such, the thorough examination and recommendations of the hearing examiner are amply supported by the record, and are in all respects affirmed.
It should be noted that the essential weakness in the respondent’s defense is the failure to make a timely application for prospective relief, but rather merely waiting until petitioner commenced enforcement. The courts, when vested with discretion, have increasingly taken a dim view of such failure by one seeking to avoid a previous obligation. (Wood v Wood, 60 AD2d 567, affd 45 NY2d 888; Adrien v Adrien, 65 AD2d 931.) It has been viewed as, at the very least, a relevant consideration, even where the court has discretion, as under the former section 460, or under section 244 of the Domestic Relations Law. (Silver v Silver, 73 AD2d 162; see, also, Benjamin v Benjamin, 70 AD2d 813.)
However, in light of the recent amendment to section 460 of the Family Court Act, the court feels that the *487 latitude formerly given to the Family Court in such matters has been removed. While the discretion may still be present in the Supreme Court, either under the more flexible language of section 244 of the Domestic Relations Law, or within the inherent power of a court of general jurisdiction, Family Court is bound by the statutory language.
Therefore, a judgment of arrears, in the amount of $4,250 through June 30, 1981 is granted to petitioner, together with an award of counsel fees in the amount of $1,200.