■ HARVEY PENZINER, Respondent, v ELEANOR PENZINER, Appellant.—In a matrimonial action, the defendant wife appeals (1) from an order of the Supreme Court, Westchester County (Green, J.), dated August 1, 1984, which disposed of her motion pursuant to Domestic Relations Law § 244 for attorney's fees and accrued arrears of alimony and child support, and the plaintiff husband's cross motion for downward modification of maintenance, and the suspension of

arrears, by directing a hearing for determination of all the issues raised on the motion and cross motion, and (2) as limited by her brief, from so much of an order of the same court, dated October 3, 1984, as, upon reargument, adhered to its original determination.

Presiding Justice Mollen has been substituted for the late Justice Gibbons (see, 22 NYCRR 670.2 [c]).

Ordered, that the appeal from the order dated August 1, 1984, is dismissed. That order was superseded by the order dated October 3, 1984, made upon reargument; and it is further

Ordered, that on the court's own motion, the appellant's notice of appeal is deemed an application for leave to appeal from so much of the order dated October 3, 1984, as upon reargument, adhered to the original determination, said application is referred to Presiding Justice Mollen and leave to appeal is granted by Presiding Justice Mollen; and it is further

Ordered, that on appeal by permission, the order dated October 3, 1984, is modified, on the law, by adding a provision thereto directing entry of a judgment in favor of the defendant for $5,000 representing arrears in alimony and child support accruing as of the date of plaintiff's cross motion. As so modified, the order dated October 3, 1984, is affirmed insofar as appealed from and the order dated August 1, 1984 is modified accordingly; and is is further

Ordered, that the defendant is awarded one bill of costs.

The parties were divorced in 1976. The plaintiff husband, a dermatologist who is obligated by a modified judgment to pay $200 per week in alimony and $150 per week in child support for each of his two children, seeks an order relieving him of his obligations to pay alimony and accrued arrears, based upon changed circumstances.

The plaintiff husband does not controvert the defendant wife's allegations that he was in arrears at the time of the judgment for more than $11,000, and that she was obligated on no less than six prior occasions to seek court intervention to secure payment of support and alimony arrears. Nor does he contest her allegation that she refused to waive alimony payments for the period commencing in December 1983 through May 1984 during part of which the parties were negotiating. On the latter date, the defendant sought a judgment for arrears. The plaintiff contends only that "during the first few months of 1984" the parties' attorneys were negotiat-

ing with respect to this "proposal" that alimony be *"elimi-nated"*. The plaintiff offered no quid pro quo for the elimination of alimony and contends that service of the defendant's motion for arrears apprised him that the "negotiations would not be fruitful" and that he therefore cross-moved at that time for relief.

Entry of a judgment for arrears against a party in default is mandatory, "unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears" (Domestic Relations Law § 244, as amended by L 1980, ch 241; *Vigo v Vigo,* 97 AD2d 463). Accordingly, Special Term possessed no discretion to order a hearing with respect to eliminating arrears unless the plaintiff demonstrated good cause for his failure to seek modification prior to the defendant's motion and accrual of the arrears. "[T]he Legislature by amending section 244 of the Domestic Relations Law intended to preclude * * * unilateral cessation of support payments" *(Coveleski v Coveleski,* 93 AD2d 924). The plaintiff's demand to be relieved of his obligation to pay alimony, coupled with a refusal to offer a quid pro quo, cannot be deemed a good-faith attempt to negotiate. He unilaterally ceased making payments and does not deny that he did so without the defendant's consent. These circumstances are distinguishable from those where it is alleged that the parties have agreed to a reduction prior to the application seeking a reduction *(see, Malta v Malta,* 87 AD2d 988; *Benjamin v Benjamin,* 70 AD2d 813, 814). Particularly in light of the prior history of nonpayment, the plaintiff has not shown good cause for failure to move to eliminate alimony prior to the accrual of arrears. We note as well that the plaintiff has been aware of the alleged changed circumstances for a period of 2 to 4 years, and therefore the timing of his motion is suspect *(see, Benjamin v Benjamin, supra; cf. Silver v Silver,* 73 AD2d 162, 166). Special Term erred in directing a hearing regarding accrued arrears, as the foregoing facts were uncontroverted, and, thus, a factual hearing was not required. Therefore, we modify so as to grant alimony and child support arrears up to the date of the plaintiff's cross motion for downward modification and otherwise affirm the order dated October 3, 1984, insofar as appealed from. Mollen, P. J., Bracken, Weinstein and Niehoff, JJ., concur.