■ ELAINE B. SELTZER, Appellant, v. LEO SELTZER, Respondent.— In an action for a judicial separation based on three causes of action, in which the amended complaint added a fourth cause of action for rescission of a separation agreement between the parties, the plaintiff wife appeals from an order of the Supreme Court, Westchester County, dated January 2, 1962, which: (a) denied her motion for counsel fees; and (b) granted the defendant husband's cross motion, made pursuant to section 1451 of the Civil Practice Act, for a stay of all proceedings in the action pending arbitration of the issues raised by the amended complaint. In support of his cross motion, defendant contended arbitration was required by paragraph "Seventh" of the separation agreement. Order modified as follows: (1) by adding a provision to the effect that the denial of plaintiff's motion for counsel fees is without prejudice to her renewal of such motion upon the trial of this action; and (2) by striking out the second decretal paragraph granting defendant's cross motion for a stay pending arbitration, and by substituting therefor a paragraph denying such cross motion. As so modified, order affirmed, with $10 costs and disbursements to plaintiff. In our opinion, the plaintiff's amended complaint joining a fourth cause of action to set aside the separation agreement, with three others seeking a decree of separation, made the instant action a matrimonial suit despite the presence of an arbitration clause in the separation agreement (*Zakrzewska* v *Zakrzewski*, 14 A D 2d 588). In such an action, however, counsel fees and alimony are not allowable until the separation agreement has been set aside; and such relief may not be granted *pendente lite* on conflicting affidavits, but should be left to the trial court (*Brock* v. *Brock*, 1 A D 2d 973). In any event, in the case at bar plaintiff failed to make any evidentiary showing of the reasonable probability of her success, and for that reason as well her application for counsel fees *pendente lite* was properly denied on this record. We also believe that the granting of the stay pending arbitration was erroneous. The issues raised by the amended complaint concerned, *inter alia*, (a) plaintiff's right to a separation by reason of defendant's acts of cruelty and (b) plaintiff's claims, made in

# 837

her fourth cause of action, that the terms of the separation agreement were unfair, unjust and inadequate and that defendant had failed and refused to make the payments required of him thereunder. Such issues are not arbitrable issues within the scope of paragraph "Seventh" of the agreement which requires arbitration only when the controversy concerns "the meaning, interpretation or application of any of the provisions of this agreement". No issue of such a character is specified in the defendant's notice of cross motion or otherwise. In any event, the issues tendered by the amended complaint are justiciable issues which the court alone must resolve. To hold otherwise would place in jeopardy a wife's incontestable right to invoke the powers of a court of equity to set aside an improvident agreement of separation (cf. *Brooklyn Trust Co.* v. *Lester*, 239 App. Div. 422, 428–429). Moreover, under the circumstances disclosed here, the denial of the requested stay will not prejudice the defendant (cf. *Schmelzel* v. *Schmelzel*, 287 N. Y. 21). Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.