■ DALE HEBARD, Respondent, v ROBERT HEBARD, Appellant.—In a support proceeding, the father appeals, as limited by his brief, from so much of an order of the Family Court, Dutchess County, dated May 6, 1976, as, after a hearing, directed him to pay a total of $60 per week for the support of his two infant children. Order modified, on the law and the facts, by reducing the total of the support payments to the amount of $40 per week. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The parties' present relative financial circumstances, in our opinion, are such as to require that the measure of support be reduced as indicated herein. The parties were married in New York on June 19, 1966. There are two infant children of the marriage, born on February 20, 1970, and January 10, 1973, respectively. Divorced on October 27, 1975, the judgment awarded custody of the two children to the respondent mother and referred the issues of alimony and child support to the Family Court. A hearing was held by the Family Court; the evidence adduced established that whereas the mother had a gross weekly income of $220, appellant had been unemployed since July or August of 1975. Respondent and the two children reside in the former marital residence; appellant lives with his parents, who are defraying his living expenses. The father testified that he could not afford to pay either alimony or child support, but that his parents would absorb the children's expenses provided, however, he was awarded custody. The appellant's mother testified that she and her husband would provide for all of the children's needs, but only under those circumstances. The court denied the respondent's petition for alimony but, as aforesaid,

ordered appellant to pay $60 per week for the support of the two children, retroactive to October 28, 1975, the date of the entry of the divorce decree, noting that appellant's history demonstrated his ability to support his two children. Appellant urges that the Family Court erred in requiring him to support his infant children despite his unemployment whereas his former wife was gainfully employed. Section 414 of the Family Court Act states that "The court may apportion the costs of the support of the [children] between the parents according to their respective means and responsibilities." The Family Court did inquire into the financial condition of both parties and, in fact, apportioned the support obligation since both parties are capable of furnishing support (see *Matter of Carter v Carter,* 58 AD2d 890). Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.