OPINION OF THE COURT
Hugh R. Elwyn, J.
The plaintiff’s motion made pursuant to rule 863.4 (b) of the Rules of the Appellate Division, Third Department (22 NYCRR 863.4 [b]) for maintenance (alimony) of $150 per week, child support of $250 per week and counsel fees of $2,000, pendente lite has been referred by the Supreme Court for all purposes to the Family Court, Ulster County, by an order dated October 22,1980 (Family Ct Act, § 467). “On such referral, the family court shall have jurisdiction to determine such applications with the same powers possessed by the supreme court”- (Family Ct Act, § 467).
The defendant, who opposes this motion, has filed an affidavit, in the official form prescribed by this section *222 (rule 863.4 [c] [1] of the Rules of the Appellaté Division, 3d Dept. [22 NYCRR 863.4 (c) (1)]) and has also, with' respect to other facts not feasible to be controverted by official form, filed other supporting affidavits (rule 863.4 [c] [2] of the Rules of the Appellate Division, 3d Dept. [22 NYCRR 863.4 (c) (2)]).
However, before reaching any consideration of the merits of the plaintiff’s application (see Domestic Relations Law, § 236, part B, subd 6, as added by L 1980, ch 281, eff July 19, 1980), the legal impediment to any consideration of the plaintiff’s motion raised by the defendant upon the oral argument of this motion must first be considered and resolved.
The defendant, in opposing the granting of any relief to the plaintiff, has called the court’s attention, both in his papers in opposition and in oral argument, to the fact that nearly a year and a half prior to her motion for pendente lite relief he and his wife entered into a comprehensive written separation agreement, with the terms of which he is fully complying.
The separation agreement provided, among other things, that the husband would assume full responsibility for $9,000 of joint debts, that he would pay to the wife for her support $45 per week and $65 per week for the support of their two children for a total weekly payment of $110, with some reduction during the summer months while the children were with him, in addition to providing the wife and children with medical insurance and substantially paying all medical, dental and pharmaceutical expenses for the children not covered by insurance; that the wife get virtually all personal property, that the parties have joint custody of the children, with express arrangement for the children to spend approximately one third of the year with their father, that the husband transfer to the wife all his equity in the marital residence without any additional consideration, subject to an existing mortgage, and that the husband continue to name his wife or his children on his life insurance policies, at least until the younger child attained the age of 21 years. Each party was represented by independent legal counsel and there was full disclosure of all financial information.
*223 The existence of the separation agreement bars the granting of alimony for the wife (Wilkinson v Wilkinson, 10 AD2d 937). Alimony pendente lite and counsel fees are not allowed until a separation agreement is set aside. Such relief may not be had on conflicting affidavits but should be left to the trial court (Brock v Brock, 1 AD2d 973; Seltzer v Seltzer, 16 AD2d 836; Kulok v Kulok, 20 AD2d 568; Moat v Moat, 27 AD2d 895; Bennett v Bennett, 56 AD2d 782).
This well-settled rule of case law has now been codified in the recently revised section 236 of the Domestic Relations Law (L 1980, ch 281, eff July 19, 1980). It is now provided in section 236 (part B, subd 3), entitled “Agreement of the parties” that “[a]n agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded”. The separation agreement between these parties meets these requirements.[1] “Nothing in this subdivision shall be deemed to affect the validity of any agreement made prior to the effective date of this subdivision” (Domestic Relations Law, § 236, part B, subd 3).
The statutory authority of the court to award temporary maintenance to meet the reasonable needs of a party to a matrimonial action is prefaced by the phrase, “Except where the parties have entered into an agreement pursuant to subdivision three of this part providing for maintenance”. (Domestic Relations Law, § 236, part B, subd 6, L 1980, ch 281, eff July 19, 1980.)
Clearly then, both by case law and by statute, the granting of maintenance, pendente lite, to the plaintiff is precluded by the existence of the separation agreement which may not be set aside on motion papers. Counsel for the petitioner acknowledges this to be so, but arguqs that there is a way around this seeming impasse in the last sentence of paragraph thirteenth of the agreement wherein it is provided: “This agreement shall survive an *224 action for divorce, except for the provisions relating to support, expressly including Third, Fourth and Seventh hereof, which shall be merged with the decree and which provisions shall be subject to modification by the court if, as, or when application is made to a court of competent jurisdiction.”[2]
The crucial question is: When may such an application be made? Does it open the door to an application for pendente lite relief in a matrimonial action even before the service of any pleadings and the joinder of issue or must the application for modification await the rendition of a judgment in the action?
Counsel for the plaintiff contends that the quoted clause in the separation agreement was intended to “allow either party at any time to seek a modification”. He argues that, “it doesn’t say it has to be upon a final Judgment of Divorce” which is true. “It says at any time”, which is not true. “Precisely it says ‘when application is made’ ”, which is true.
In support of his argument that by the insertion of this clause in their agreement the parties thereby intended to confer upon a court jurisdiction to modify the agreement insofar as it purports to fix the level of support for wife and children “at any time” counsel cites Bowmer v Bowmer (50 NY2d 288). There the Court of Appeals said (supra, p 295): “The omission [from the agreement] becomes especially important in light of the inability of courts to effect any change in an adequate level of support fixed by a valid and unimpeached separation agreement unless it has been merged in a judgment of divorce (Goldman v Goldman, 282 NY 296,302-304; Schmelzel v Schmelzel, 287 NY 21,26-27; 2 Foster and Freed, Law and the Family, § 28.64)” (emphasis supplied). (See, also, McMains v McMains, 15 NY2d 283, 285; Kleila v Kleila, 50 NY2d 277, 283; 2 Foster and Freed, Law and the Family, § 28.63.) Counsel for the plaintiff acknowledges that this is the “normal ruling” and a correct statement of the law. He points out, however, that *225 in the next sentence the Court of Appeals goes on to say: “Of course, had they so intended, the parties could have agreed that the support provisions be modifiable by judicial proceedings under appropriate circumstances” citing Kleila v Kleila (supra) and Hunter v Hunter (57 AD2d 797). (Emphasis supplied.) In the latter case the Appellate Division, First Department, said (supra, p 797): “The provision in the separation agreement for conferring jurisdiction for amounts ‘thereafter to be paid’ is proper.”
It is thus clear that the parties could by their agreement confer jurisdiction upon a court of competent jurisdiction to modify the support provisions of their separation agreement. The Family Court, being a court of limited jurisdiction, does not have the power to modify the terms of a separation agreement, as opposed to the terms of a divorce decree, and this power cannot be conferred upon the court by agreement of the parties (Kleila v Kleila, 70 AD2d 613, affd 50 NY2d 277, 282, supra). However, as noted earlier, this court in this case is not acting as a Family Court Judge, but as a Supreme Court Justice, “with the same powers possessed by the supreme court” (Family Ct Act, § 467). Subject to the caveat[3] noted by the Court of Appeals in its decision in Kleila v Kleila (supra), this court could, therefore, assume jurisdiction over the plaintiff’s application for a modification of her agreement.
The question still remains, however, whether the quoted clause at the end of paragraph thirteenth of the agreement serves to take this case out of the general rule that the existence of a valid separation agreement precludes the granting of alimony, or as it is now called, maintenance pendente lite. The answer to this question depends on the meaning of the words used which requires a search for the parties’ intent. “The foundation of the rules for the construction of contracts is the attempt to arrive at the intention of the parties * * * The fundamental rule in the *226 construction of contracts is the ascertainment of the substantial intent of the parties” (10 NY Jur, Contracts, §§ 192, 193).
Paragraph thirteenth of the parties’ agreement clearly contemplates the possibility of a divorce at some time in the future, for it is expressly provided that in such event the agreement shall be incorporated in the ‘final decree or judgment’ to the end that the provisions of ‘said decree or judgment’ respecting the adjudication and settlement of property rights and of the custody and visitation rights of the parties herein of the amount of support for the wife and children “shall be in complete and strict conformity with the provisions hereof affecting such subject matter.” (Emphasis supplied.)
Having made the point that the parties were to be governed by the provisions of their agreement until a “final decree or judgment” of divorce, the draftsman then went on to provide in a separate paragraph, but still as an integral part of numbered paragraph thirteenth that “this agreement shall survive an action for divorce”. However, instead of providing, as is customary and usual, that the separation agreement should not be merged in the judgment but would survive, the draftsman very carefully provided for the agreement’s survival of an action for divorce, “except for the provisions relating to support, expressly including Third, Fourth and Seventh hereof, which shall be merged with the decree and which provisions shall be subject to modification by the court if, as or when application is made to a court of competent jurisdiction.”
I interpret this language to mean simply that the support provisions of the separation agreement were to be merged in any final judgment of divorce which thep would be subject to modification by the court. It was never intended by the parties to confer upon a court jurisdiction to modify the support provisions of their agreement prior to the rendition by a court of a final decree or judgment. The language employed in this agreement does not, as is urged by the plaintiff, open the door to an application for alimony or maintenance pendente lite, merely because the wife has lost her employment and is fearful of becoming a public charge. In short, the court concludes that while the lan *227 guage of this agreement is sufficient to confer upon a court jurisdiction to modify the support provisions of the agreement after their merger into a final decree or judgment of divorce, it is insufficient to open the way to an application for pendente lite relief which is barred by the existence of the separation agreement with which the defendant is complying. This conclusion extends to the plaintiff’s application for an allowance of counsel fees as well as to her application for temporary maintenance (Brock v Brock, 1 AD2d 973, supra; Seltzer v Seltzer, 16 AD2d 836, supra), without prejudice to her renewal of a motion for counsel fees upon the trial of the action (Seltzer v Seltzer, supra).
The only legal effect of the clause in the separation agreement on which the plaintiff relies for relief is to restate the well-established rule that where a separation agreement is incorporated and merged into a decree of divorce, the provision of the decree for the support of the wife and/or children is subject to modification by the court, as is any other provision for alimony in such a decree (see 2 Foster and Freed, Law and the Family, § 28.64).
In addition, this clause was obviously designed by the draftsman of the agreement to overcome the rule of Matter of Boden v Boden (42 NY2d 210) and to permit an application to be made to a court of competent jurisdiction for an upward modification of child support previously fixed in the separation agreement without the necessity of showing “an unanticipated and unreasonable change of circumstances”. (Matter of Boden v Boden, supra, p 213.)
The plaintiff’s motion for temporary maintenance for herself and counsel fees, is therefore denied. However, since “minor children are not parties to the separation agreement executed by their parents, and the courts are not bound by the support provisions contained in a separation agreement but are required to provide for the support and welfare of minor children as justice requires” (Moat v Moat, 27 AD2d 895, 896, supra; see, also, Brock v Brock, 4 AD2d 747; Kulok v Kulok, 20 AD2d 568, supra; Van Dyke v Van Dyke, 278 App Div 446, affd 305 NY 671; Dolan v Dolan, 271 App Div 851, affd 296 NY 860; Kunker v Kunker, 230 App Div 641; 16 NY Jur, Domestic Relations, § 546), this determination is without prejudice to the plain *228 tiff’s right to resort to a proceeding for the support of the children pursuant to article 4 of the Family Court Act.
The existence of the separation agreement “does not eliminate or diminish either parent’s duty to support a child of the marriage” (Family Ct Act, § 461, subd [a]). That obligation now rests upon both parents and both parents may now “be required to pay for such child’s support a fair and reasonable sum according to their respective means, as the court may determine and apportion”. (Family Ct Act, § 413, as amd by L 1980, ch 281, eff July 19, 1980; see, also, Matter of Carter v Carter, 58 AD2d 439, 447; Tessler v Siegel, 59 AD2d 846; Stern v Stern, 59 AD2d 857; Hebard v Hebard, 58 AD2d 883; Matter of Miller v Miller, 61 AD2d 774.)
Moreover, the existence of the “separation agreement does not preclude the filing of a petition and the making of an order under section four hundred forty-five of this article [article 4 of the Family Court Act] for support of a spouse who is likely to become in need of public assistance or care” (Family Ct Act, § 463, as amd by L1980, ch 281, eff July 19, 1980; see, also, McMains v McMains, 15 NY2d 283, supra; Smith v Smith, 43 AD2d 784; cf. La Scala v La Scala, 73 AD2d 1068).
Even if the court had the jurisdiction to grant the plaintiff the relief she seeks, such relief could not be granted on these motion papers alone. In determining the amount and duration of maintenance the court is now mandated by section 236 (part B, subd 6) of the Domestic Relations Law to set forth in any decision made pursuant to subdivision 6 of the 10 factors enumerated in the subdivision it considered and the reason for its decision. The consideration of such factors and the expression of reasons for the court’s decision may not be waived by either party or counsel (Domestic Relations Law, § 236, part B, subd 6, par b).

. For the agreement to be set aside by the court, the agreement would have to be found to be not fair and reasonable at the time of the making of the agreement or unconscionable at the time of entry of final judgment. (Domestic Relations Law, § 236, part B, subd 3.)

. Paragraph third provided for the payment of support for the wife of $45 per week. Paragraph fourth provided for the payment of child support of $65 per week. Paragraph seventh provided for a $1 reduction in the husband’s obligation for each $2 of increase in the wife’s income.

. “It is, of course, true, that courts of this State enjoy only limited authority to disturb the terms of a separation agreement (compare Goldman v Goldman, 282 NY 296, supra, with Christian v Christian, 42 NY 2d, supra, at pp 71-73). Moreover, any attempt to confer upon a court of any jurisdiction within the United States broad powers to modify the terms of a separation agreement might well run afoul of constitutional limitations upon the State’s power to tamper with vested contractual rights.” (Kleila v Kleila, supra, pp 283-284.)