SHIRLEY BROWN *v.* ROBERT COLIN BROWN
(10714)

PETERS, HEALEY, SHEA, GRILLO and SPONZO, Js.

Argued February 8—decision released June 14, 1983

*Richard Bruno,* for the appellant (defendant).

*William F. Gallagher,* with whom, on the brief, were *Elizabeth A. Dorsey* and *Anthony Nuzzo, Jr.,* for the appellee (plaintiff).

SPONZO, J. This is an appeal from a judgment dissolving the twenty year marriage of the parties. The plaintiff wife filed an amended complaint alleging that the marriage had broken down irretrievably and seeking a decree of dissolution, custody of a minor child, support for said minor child, alimony, attorney's fees, and property division.

After an evidentiary hearing, the court rendered an oral decision dissolving the marriage and granting custody of the minor child to the plaintiff. The court ordered the defendant to pay one dollar per year in alimony and $325 per week in child support. In addition, the defendant was ordered to transfer his interest in the jointly owned home to the plaintiff, subject to "a constructive trust in favor of Mr. Brown to the extent of fifteen percent of the net sale price of this house in the event she sells it or if she remarries, the net appraised value of the house."[1] In post-judgment proceedings, the trial court, pursuant to Practice Book § 3065, dissolved the stay of execution pending appeal

---

[1] The court also issued other orders dividing the parties' jointly held personal property. These orders are not challenged on this appeal.

to the extent of $275 per week for support and ordered the defendant to pay to the plaintiff the sum of $2000 to defend the appeal.[2]

In his appeal the defendant claims that the court erred in (1) making the award of support (a) without considering the statutory criteria in General Statutes §§ 46b-56 and 46b-84[3] and (b) in an amount far in excess

[2] It is unclear whether this order, issued from the bench, reduced the judgment to $275 in support, or whether it only dissolved the stay to a limited extent. In view of our decision on the merits of the appeal, we need not resolve the ambiguity of the order.

[3] "[General Statutes] Sec. 46b-56. (Formerly Sec. 46-42). SUPERIOR COURT ORDERS RE CUSTODY AND CARE OF MINOR CHILDREN IN ACTIONS FOR DISSOLUTION OF MARRIAGE, LEGAL SEPARATION AND ANNULMENT. (a) In any controversy before the superior court as to the custody or care of minor children, and at any time after the return day of any complaint under section 46b-45, the court may at any time make or modify any proper order regarding the education and support of the children and of care, custody and visitation if it has jurisdiction under the provisions of chapter 815o. The court may assign the custody of any child to either parent, to the parents jointly or to a third party, according to its best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable. The court may also make any order granting the right of visitation of any child to a third party including but not limited to grandparents.

"(b) In making or modifying any order with respect to custody or visitation, the court shall be guided by the best interests of the child, giving consideration to the wishes of the child if he is of sufficient age and capable of forming an intelligent preference, provided in making the initial order the court may take into consideration the causes for dissolution of the marriage or legal separation.

"(c) In determining whether a child is in need of support and, if in need, the respective abilities of the parents to provide support, the court shall take into consideration all the factors enumerated in section 46b-84.

"(d) When the court is not sitting, any judge of the court may make any order in the cause which the court might make under subsection (a) of this section, including orders of injunction, prior to any action in the cause by the court."

"[General Statutes] Sec. 46b-84. (Formerly Sec. 46-57). PARENTS' OBLIGATION FOR MAINTENANCE OF MINOR CHILD. (a) Upon or subsequent to the annulment or dissolution of any marriage or the entry of a decree of legal separation or divorce, the parents of a minor child of the marriage, shall maintain the child according to their respective abilities, if the child is in need of maintenance.

"(b) In determining whether a child is in need of maintenance and, if in

of the child's needs; (2) imposing a constructive trust on the real estate in favor of the defendant; and (3) awarding counsel fees of $2000 to defend the appeal.

There is no dispute as to the facts stated in the financial affidavits submitted by both parties. The defendant had a gross weekly salary of $755, which was reduced to a net salary of $511.90 after payment of withholding and social security taxes plus union dues. The equity in the jointly owned home was approximately $50,000. The plaintiff in her affidavit stated that her weekly expenses for her household totaled $340.23. At the time of trial the "household" included the plaintiff, her minor son and her daughter, who was over eighteen years of age.[4] In addition to the order of $325 per week for child support, the defendant was ordered to maintain Blue Cross and Blue Shield coverage for the minor son and to pay one-half of unreimbursed medical expenses.

"To determine the amount of support required by minor children, the court considers the needs of the children and the respective abilities of the parents to maintain them." *Whitney* v. *Whitney*, 171 Conn. 23, 29, 368 A.2d 96 (1976). It is obvious that the child sup-

---

need, the respective abilities of the parents to provide such maintenance and the amount thereof, the court shall consider the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents, and the age, health, station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child.

"(c) After the granting of a decree annulling or dissolving the marriage or ordering a legal separation, and upon complaint or motion with order and summons made to the superior court by either parent or by the commissioner of administrative services in any case arising under subsection (a) of this section, the court shall inquire into the child's need of maintenance and the respective abilities of the parents to supply maintenance. The court shall make and enforce the decree for the maintenance of the child as it considers just, and may direct security to be given therefor."

[4] Shortly after trial, the daughter left the plaintiff's home and went to live with the defendant.

port award was grossly disproportionate to the child's needs. Clearly, the costs of the household attributable to the support of the plaintiff and her adult daughter exceeded the $15.23 per week difference between the court's support award and the plaintiff's household financial needs. Child support orders must be based on the statutory criteria enumerated in General Statutes § 46b-84 of which one of the most important is the needs of the child. The support award may not be used to disguise alimony awards to the custodial parent. We hold that the trial court could not reasonably conclude that $325 per week was required for the minor child's support. *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 584, 362 A.2d 835 (1975). The award, therefore, was made in error.

The trial court also was in error in imposing a constructive trust in favor of the defendant on the jointly owned home. "A constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." 5 Scott on Trusts (3d Ed.) § 462, p. 3413. "It is not a trust in which the trustee is to have duties of administration lasting for an appreciable period of time, but rather a passive, temporary trust, in which the trustee's sole duty is to transfer the *title and possession* to the beneficiary." (Emphasis added.) Bogert, Law of Trusts (5th Ed.) § 77, p. 288.

The trial court did not intend that if the plaintiff remarried or attempted to sell the house that title and possession of the house would vest in the defendant. The record indicates that it was the intent of the court that the defendant retain a beneficial interest in 15 percent of the value of the house, which would vest on the occurrence of either of the two contingencies. A constructive trust is not ordinarily established in a por-

tion of an indivisible asset. In this case, this "constructive trustee" was placed under a duty to convey whatever title she has, not some portion of that title.

Our finding of error is not to be construed, however, as an indication that the court was without power to fashion the remedy which it contemplated. We hold only that a constructive trust was not the correct vehicle to accomplish that end. For example, the court could have granted a second mortgage on the property to the defendant. This action would have given the defendant a security interest in the property, which was the apparent intent of the trial court.[5]

The defendant's claim that the award of counsel fees to the plaintiff to defend the appeal was an abuse of discretion is not properly before us. Practice Book § 3062 states in part: "Should the trial court, subsequent to the filing of the appeal, make a ruling which the appellant desires to have reviewed by the supreme court, the appellant *shall* amend his appeal . . . ." (Emphasis added.) Although the defendant did file an amended preliminary statement of issues, he did not amend the appeal as required by § 3096. "The right to an appeal is not a constitutional one. It is but a statutory privilege available to one who strictly complies with the statutes and rules on which the privilege is granted." *Chanosky* v. *City Building Supply Co.,* 152 Conn. 449, 451, 208 A.2d 337 (1965). Because the defendant did

---

[5] On May 18, 1982 the parties stipulated to, and the court ordered, a termination of the stay of execution concerning the real property award discussed herein. They further agreed that the plaintiff would list the property for sale, and that if sold, one-half the net proceeds would be distributed to the plaintiff, and one-half would be held in escrow pending the resolution of the appeal. Nothing in our decision is intended to negate the court's order; on remand the court remains free to distribute the proceeds in accordance with the law.

not comply with the mandate of § 3062, we will not consider his claim concerning attorney's fees. *Costello* v. *Costello,* 186 Conn. 773, 778–79, 443 A.2d 1282 (1982).

There is error; the judgment is set aside as to alimony, child support and division of property, and the case is remanded for a trial on the questions of alimony, child support and division of property in accordance with this opinion.

In this opinion the other judges concurred.