■ WILLIAM J. MINAROVICH, Appellant, v CHRISTINA R. SOBALA, Also Known as CHRISTINA R. MINAROVICH, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Imperato, R.), dated February 14, 1985, as granted the defendant wife's application to modify the parties' judgment of divorce to the extent of increasing the amount of child support payable by the plaintiff to the defendant from $365 per month to $850 per month retroactive to the date of the defendant's application, and setting the amount of child support arrears at $7,760.

Order modified, as an exercise of discretion, by reducing the modified child support obligation in the second decretal paragraph thereof to $650 per month and reducing the amount of arrears in the second decretal paragraph thereof to $4,560. As so modified, order affirmed insofar as appealed from, without costs or disbursements.

The parties were divorced in 1971 and the plaintiff's maintenance and support obligations were set by stipulation of the parties at an unallocated amount of $365 per month. This stipulation, however, was not expressly made to survive the final judgment of divorce and thus merged with the judgment and retains no contractual significance (see, e.g., Matter of Wlodarek v Wlodarek, 78 AD2d 981; Connolly v Connolly, 83 AD2d 136, 139). Thus, the rule established in Matter of Boden v Boden (42 NY2d 210), which places contractual significance on the support provisions in the separation agreement, is not applicable to this case (see generally, Matter of Gould v Han-

*nan,* 44 NY2d 932). Nor is a modification of the support provisions in the separation agreement required because the child's right to receive support will be impaired *(see, e.g., Matter of Brescia v Fitts,* 56 NY2d 132; *Matter of Michaels v Michaels,* 56 NY2d 924). Indeed, the record demonstrates that the respondent has been able, though not without some difficulty, to maintain a high standard of living for herself and the child without incurring substantial debts or substantially depleting her assets. In addition, she was able to avoid the necessity for her own employment until, upon a prior application for increased support, the court ruled she would not be entitled to an increase while failing to make a good-faith effort to obtain employment. Since that time she has obtained a job earning approximately $18,000 per year; however, the Special Referee accurately noted that her resources significantly exceed her salary. Conversely, the plaintiff's financial circumstances have also dramatically improved from approximately a $15,000 income at the time of the divorce to in excess of $67,000 at the time of the hearing.

The record clearly demonstrates a significant change of the financial circumstances of the parties and the needs of the child, which, in the exercise of discretion, warrants an increase in the plaintiff's support obligations *(see,* Domestic Relations Law § 240; *cf. Matter of Funt v Funt,* 107 AD2d 646, *affd* 65 NY2d 893). Nevertheless, it was an abuse of discretion to increase the support obligation at bar above $650 per month in view of the parties' respective financial positions, the tax consequences of a modification of the support obligation from unallocated maintenance and support to an award of support alone, and the unchallenged propriety of the Referee's determination that the plaintiff may not be compelled to contribute to the child's private high school tuition *(see, e.g., Benson v Benson,* 79 AD2d 694). Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.