OPINION OF THE COURT
Zelda Jonas, J.
The court sua sponte vacates the prior decision of this court dated November 7, 1988 and substitutes the present decision in its place.
In this small claims action, plaintiff seeks a judgment in the sum of $2,000 for nonpayment of her son’s medical expense pursuant to a stipulation agreement signed by the parties on March 25, 1985. The stipulation agreement, which resolved the issues of custody, support, maintenance and distribution of the marital property, was incorporated into a divorce decree. Article XIII (2) of that stipulation provides that "The husband agrees to pay one half (Vt) of the deductible portion of any *1048 such health insurance chargeable to the child — Gregory. (Wife’s policy presently covers 80%).”
At the time of the hearing plaintiff testified that she had been advised by the school psychologist that he had been approached by Gregory’s teacher concerning behavioral difficulties Gregory was displaying in her class. Subsequently, after consultation with school staff, examination of records and classroom observation, the psychologist met with plaintiff and recommended that "Gregory would benefit from counseling services.” Plaintiff commenced Gregory’s therapy in November 1987. The claim covers weekly visits from November of 1987 through July of 1988. (The complaint was sworn to by the plaintiff on June 14, 1988.) Plaintiff produced a letter from the school psychologist dated June 17, 1988 verifying this conversation. On cross-examination the plaintiff testified that she did not have her son treated by a less expensive counselor who was known to the parties since that individual felt too involved and had declined to treat Gregory. No further proof was presented by either party.
Defendant contends that his obligation for medical expenses for his son, as stipulated to by the parties, is limited to one half of the deductible amount. He further contends that the amount plaintiff seeks is a "disallowed” expense and not a deductible expense. It is admitted that there had been a $2,000 deductible on the policy which had previously been satisfied. The statement from the insurance carrier indicates no further deductible need be applied to the claim and that the claim for such services was to be paid at the rate of 50%.
The court finds that it has no subject matter jurisdiction over the above-entitled action. A stipulation setting maintenance and support obligations merges with a divorce decree and retains no contractual significance where the stipulation is not expressly made to survive a final judgment of divorce. (Minarovich v Sobala, 121 AD2d 701 [2d Dept 1986].) The court has reviewed the stipulation in the instant case. There is no clause in the stipulation which expressly provides that the stipulation survives the final divorce decree. Consequently, plaintiff can only obtain a judgment for the child’s medical expenses through the enforcement of the divorce decree. (See, Minarovich v Sobala, supra.) The District Court does not have jurisdiction to enforce the divorce decree. (UDCA art 2.) *1049 Plaintiff could bring an enforcement action in the Family Court if the divorce decree so provides. (Family Ct Act § 466.) If not, then an enforcement proceeding should be brought in the Supreme Court.
Accordingly, based upon the above findings of facts and law, the court hereby dismisses the small claims complaint.