## CARTER S. EVANS *v.* SUSAN C. EVANS
### (11999)

LAVERY, HEIMAN and SCHALLER, Js.

Argued March 24—decision released July 26, 1994

*Sandra P. Lax,* for the appellant (plaintiff).
*Charles J. Irving,* for the appellee (defendant).

LAVERY, J. The plaintiff, Carter Evans, appeals from the judgment of the trial court granting the defendant's motion to modify the plaintiff's child support obli-

gations and awarding the defendant attorney's fees related to this motion. The plaintiff claims that the trial court (1) incorrectly applied New York law to the case and (2) abused its discretion by granting the motion for modification and attorney's fees. We affirm the judgment of the trial court.

The parties married in 1974 and lived in New York until they divorced in 1987. Two boys were born to the parties during the marriage; they are both under the age of eighteen. The parties signed a separation agreement in New York that required the plaintiff to pay unallocated alimony and child support of $35,000 per year until the end of 1991. The agreement further provided that he would pay $5500 per year, per child, from 1992 until the children reached majority. The separation agreement explicitly stated that this support provision would be incorporated and merged into the court's judgment of dissolution and would thereby be subject to the court's on-going jurisdiction to modify the support provisions. The judgment of the New York Supreme Court dissolving the parties' marriage, rendered June 23, 1987, specifically merged the support payment provision of the separation agreement into the judgment.

In 1992, after the New York judgment was made a judgment of Connecticut pursuant to General Statutes § 46b-71, the defendant moved to increase the plaintiff's child support payments. The defendant asserted that the support payments were insufficient to support the children, that the payments were not in accord with the child support guidelines and that the plaintiff's salary had increased substantially. The defendant subsequently amended her motion to include an assertion that there had been a substantial change in circumstances to warrant modification of the child support award.

After extensive discovery, the defendant moved for attorney's fees pursuant to General Statutes § 46b-62. At the hearing on the motions, evidence established that the plaintiff's salary had increased from $115,419 to $320,000 since the divorce. On the basis of the parties' testimony and financial affidavits, the trial court ordered the plaintiff to pay $900 per week in child support and awarded the defendant $10,000 in attorney's fees. The plaintiff appealed.

The dissolution judgment modified in this appeal was made a judgment of this state pursuant to General Statutes § 46b-71. Foreign judgments that become judgments of this state "shall be enforced and otherwise treated in the same manner as a judgment of a court in this state provided . . . in modifying . . . any such foreign matrimonial judgment in this state the substantive law of the foreign jurisdiction shall be controlling." General Statutes § 46b-71 (b). Thus, the controlling substantive law in this case is the New York law of domestic relations.

The plaintiff's first claim, although framed in several different ways, essentially asserts that the trial court improperly applied New York law. He claims that New York law required the defendant to show that the changes in circumstances giving rise to the motion for modification were both unanticipated and unreasonable at the time of dissolution. The plaintiff's specific assertions flow from his reading of New York law, namely: (1) the motion for modification was not properly before the court because the defendant had not alleged that the changes in circumstances were unanticipated and unreasonable; (2) neither the increase in the plaintiff's salary nor an increase in the needs of the children is sufficient change in circumstances to justify a modification of child support unless the increases were unanticipated and unreasonable; (3) there was no unanticipated change in circumstances. Because we conclude

that the plaintiff incorrectly interprets New York law, the plaintiff's assertions must fail.

Under New York law, a court may modify the child support provisions of a separation agreement only if the movant shows an unanticipated and unreasonable change in circumstances. *Boden* v. *Boden,* 42 N.Y.2d 210, 212–13, 366 N.E.2d 791, 397 N.Y.S.2d 701 (1977). Because the child support obligations result from contractual agreement of the parties, the court should not freely disregard the provision. Id.; *Minarovich* v. *Sobala,* 121 App. Div. 2d 701, 702, 504 N.Y.S.2d 143 (1986). Where, however, the child support provisions established by agreement are merged with the judgment, the agreement retains no contractual significance. *Minarovich* v. *Sobala,* supra, 702. Therefore, where child support provisions are merged with the judgment, the court retains jurisdiction to modify the child support obligations in light of changed circumstances. Id.; *Wlodarek* v. *Wlodarek,* 78 App. Div. 2d 981, 433 N.Y.S.2d 673 (1980). The movant is not required to comply with *Boden* and, thus, need not demonstrate unanticipated and unreasonable changes in circumstance. *Minarovich* v. *Sobala,* supra, 702; *Wlodarek* v. *Wlodarek,* supra, 981; *Gotthainer* v. *Gotthainer,* 107 Misc. 2d 221, 225, 435 N.Y.S.2d 444 (1980).

Thus, the defendant was not required to allege or prove that the changes in circumstance giving rise to her motion were unanticipated and unreasonable at the time of the dissolution. The defendant was required only to demonstrate changes in circumstance sufficient to warrant modification. *Rogers* v. *Bittner,* 181 App. Div. 2d 990, 991, 581 N.Y.S.2d 945 (1992); *Minarovich* v. *Sobala,* supra, 121 App. Div. 2d 702; *Wlodarek* v. *Wlodarek,* supra, 78 App. Div. 2d 981; *Gotthainer* v. *Gotthainer,* supra, 107 Misc. 2d 225.

The trial court had before it financial affidavits and the testimony of both parties. On the basis of the totality of that evidence, the court found that the defendant had proven by a preponderance of the evidence that the plaintiff's salary had increased from $115,419 to $320,000 and that the financial needs of the children had also increased. The trial court also found that the best interests of the children were not being served by the present level of child support. Although the court noted that it was not bound by the New York child support guidelines, it did consider them in evaluating the needs of the children and the ability of the parties to provide financial support. The court also considered the criteria set forth in § 240 (f) of the New York Domestic Relations Law, specifically the admonition that the court consider "[t]he standard of living the child would have enjoyed had the marriage or household not been dissolved." In short, the court concluded from the evidence that the defendant had proven changed circumstances warranting additional child support.

"Our standard of review in a domestic relations case is well settled. We will not substitute our judgment for that of the trial court and will not disturb an order of the trial court absent an abuse of discretion or findings lacking a reasonable basis in the facts." *Michel* v. *Michel,* 31 Conn. App. 338, 340, 624 A.2d 914 (1993); *Siracusa* v. *Siracusa,* 30 Conn. App. 560, 567, 621 A.2d 309 (1993); *Brash* v. *Brash,* 20 Conn. App. 609, 612, 569 A.2d 44 (1990). The orders here were reasonably based on the facts; we conclude that there was no abuse of discretion.

The plaintiff's second group of claims relates to the trial court's application of New York law. Specifically, the plaintiff asserts that the trial court (1) blindly applied the New York child support guidelines, (2) failed to consider the factors enumerated in New York Domestic Relations Law § 240 (f) in reaching its deci-

sion, and (3) ignored the plaintiff's other financial contributions to the children's support. The plaintiff concludes by claiming that the child support modification is merely a "mask" for alimony.

We only need read the trial court's memorandum of decision to resolve these claims. As noted above, the court observed that it was not bound by the New York child support guidelines. The trial court stated that it considered the guidelines as a manifestation of New York's public policy regarding the appropriate level of child support. Thus, the trial court did not "blindly" apply these guidelines.

The trial court also explained that in reaching its conclusion it had reviewed and considered all of the factors enumerated in New York Domestic Relations Law § 240 (f). Therefore, the plaintiff's claim to the contrary is wholly without basis in fact.

The plaintiff's claim that the trial court ignored the plaintiff's other financial contributions to the children's support is meritless. The plaintiff asserts that the trial court failed to consider his expenditures on the children during their visits with him, such as the cost of food for them. The trial court had before it the judgment of dissolution and separation agreement, which detailed the custody arrangements for the children. Thus, the court was aware that the children visited the plaintiff approximately seventy-seven days per year, and that the plaintiff would incur related expenses. Therefore, we conclude that the trial court did not ignore the plaintiff's other financial contributions to the children's support in modifying the child support order.

Finally, the plaintiff's claim that the child support order is merely a mask for alimony is without basis in fact or law. The plaintiff presents no evidence that the trial court's modification was not based on the evidence

before it. As we noted previously, the conclusion the trial court reached was rationally based on the evidence and was not an abuse of discretion.

Further, the plaintiff cites *Brown* v. *Brown,* 190 Conn. 345, 460 A.2d 1287 (1983), in which our Supreme Court held that the trial court had abused its discretion by awarding child support in an amount grossly disproportionate to the needs of the child. Id., 349. In *Brown,* the amount of child support was only $15 less than the total weekly expenses of the entire household, which included the custodial parent and an emancipated daughter. Id., 348. Our Supreme Court ruled that the support award was so disproportionate as to be disguised alimony. Id., 349.

In this case, however, the trial court had before it evidence that the defendant's total weekly household expenses were $1825.23. The child support order was $925.23 less than the total weekly expenses of the entire household. Thus, *Brown* is inapposite. In short, the trial court did not abuse its discretion and correctly applied the appropriate law in modifying the plaintiff's child support obligations.

The plaintiff's third claim relates to the trial court's award of $10,000 in attorney's fees to the defendant. During discovery, the defendant moved for attorney's fees pursuant to General Statutes § 46b-62. That section provides the trial court with the discretion to award reasonable attorney's fees to a spouse in accordance with the parties' respective financial abilities and the criteria set forth in General Statutes § 46b-82. *O'Neill* v. *O'Neill,* 13 Conn. App. 300, 305, 536 A.2d 978, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988). The plaintiff claims that the award was not based on sufficient evidence.

The trial court had before it the defendant's sworn financial affidavit that listed outstanding attorney's fees of $2334.35. Further, the trial court was made

aware of the extensive nature of discovery and observed two days of trial. Thus, the trial court had evidence before it from which it could reasonably conclude that the defendant's attorney's fees related to this proceeding would be at least $10,000. Further, the trial court stated in its memorandum of decision that it had considered both of the parties' abilities to pay and the criteria enumerated in General Statutes § 46b-82. Therefore, we conclude that the trial court did not abuse its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.