[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION LAW APPLICABLE TO CHILD SUPPORT
The parties were divorced by judgment entered August 17, 1993 in the Court of Common Pleas, Domestic Relations Division, Summit County, Ohio. Although Ohio residents at the time the complaint was filed, the judgment in paragraph 20 found that, at the time of judgment, the plaintiff husband was living in California and the defendant wife, with their three children, was living in Connecticut. A child support order was entered pursuant to Ohio law in Paragraph 25 of the judgment and the court retained continuing jurisdiction over child support, as stated in Paragraph 27 of the judgment.
The plaintiff subsequently moved to reduce child support which was denied by court entry dated August 3, 1994.
On December 19, 1994, the defendant filed the Ohio Judgment with this court pursuant to our Statute, § 46b-71. The defendant then moved to modify child support and a second motion alleging that plaintiff be found in contempt.
The plaintiff then filed motions with the Ohio court. On September 18, 1996, that court declined jurisdiction to make any further determinations with respect to the parenting of the CT Page 9690 children, finding that Ohio was no longer a convenient forum.
This court now exercises jurisdiction and will entertain the defendant's motions. However, in determining child support, which state guidelines apply?
Section 46b-71 (b) clearly provides that the "substantive law of the foreign jurisdiction shall be controlling". The only exception to this general principle is if such judgment contravenes the public policy of Connecticut. No showing has been made in this regard. Therefore, this court is bound to apply Ohio law, including its guidelines, Evans v. Evans, 35 Conn. App. 246; cf. Burton v. Burton, 189 Conn. 129, 134 (1983). The defendant did not file the support order pursuant to "U.R.E.S.A.", §46b-180 et seq.
HARRIGAN, J.