[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE: DEFENDANT'S MOTIONS FOR COUNSEL FEES CODED NO. 128, 129, 130, AND 136
Many of the facts that give rise to the above motions are not in dispute. On January 26, 1993, the marriage between the parties was dissolved by the Superior Court at Concord, New Hampshire. CT Page 2998 The defendant subsequently filed the New Hampshire foreign matrimonial judgment in Connecticut. By memorandum of decision dated June 14, 1996, this court granted the defendant's motion to open the judgment of dissolution of marriage between the parties on the grounds of fraud. The financial orders entered in accordance with the stipulation of the parties was set aside and vacated, while the dissolution of marriage entered between the parties was allowed to remain in full force and effect. No attorneys fees were awarded to the defendant as part of that decision. The plaintiff filed a motion to dismiss dated January 23, 1997, coded No. 142. By memorandum of decision dated April 2, 1997, coded No. 142.50, the plaintiff's motion to dismiss was denied. No attorney's fees were awarded to the defendant as part of that decision. In that memorandum of decision, the court ruled that there is no jurisdiction to enter pendente lite attorney's fees until a party has established residence for not less than one year in Connecticut, and that such residency did not exist at the time of the hearing. The court entered an order that it did not have jurisdiction to enter attorney's fees pendente lite in this case prior to the time that the defendant has been a resident for at least twelve months. The motion to dismiss the underlying case was denied, except as to attorney's fees pendente lite for which the motion to dismiss was granted.
The defendant established residency in the state of Connecticut in September of 1996. She has continued to reside in the state of Connecticut since September 1996, and has therefore been a resident for twelve months as of September of 1997.
The defendant filed a motion for alimony pendente lite and counsel fees dated December 16, 1996, coded No. 136 and file stamped December 18, 1996. The court held a hearing on that motion on June 17, 1997, and entered the following orders.
 That the Plaintiff is to fully comply with the Defendant's demand for Production by July 17, 1997; failure may result in further sanctions.
 And that Plaintiff is to pay to the Defendant costs incurred in bringing forth the Motion For Sanctions, plus reasonable attorney fees ($350.00).
 And that the case will remain in Danbury. This court retains jurisdiction; And that the motion for change of Venue is Denied. CT Page 2999
 And that the Plaintiff is required to pay reasonable attorney fees with regard to Defendant's having to prove any issues in production requests.
 And that the matter has been continued until July 28, 1997 for a status conference to see if there has been compliance.
 And that Alimony is increased to $700 per week; retroactive to April 21, 1997; and that the arrearage is to be paid by July 17, 1997.
 And that the Defendant's counsel will file a brief regarding Counsel Fees by July 8, 1997 and Plaintiff's counsel will file his brief by July 22, 1997; This issue will be on the Short Calendar for July 28, 1997.
The parties have subsequently filed briefs on the issue of attorney's fees, and each party takes the position that New Hampshire law controls the award of attorney's fees. In Colby v.Colby, 33 Conn. App. 417 (1994), the court at pages 421-22 stated in part as follows:
 Clearly, when modifying a foreign matrimonial judgment, a Connecticut court must apply the substantive law of the foreign jurisdiction. General Statutes § 46b-71 (b). In the present case, the trial court and both parties relied wholly upon the statutes and case law of the state of Connecticut. The trial court's failure to apply Massachusetts law constitutes plain error. Plain error review "is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) Budlong v. Nadeau, 30 Conn. App. 61, 66, 619 A.2d 4, cert. denied, 225 Conn. 909, 621 A.2d 290 (1993). Where a statute dictates that the substantive law of a foreign jurisdiction is controlling and a trial court fails to apply such law, this comprises an extraordinary situation in which the error is so obvious as to affect the fairness and integrity of the judicial proceeding. Moreover, the parties cannot agree that Connecticut CT Page 3000 law shall apply in direct contravention of the legislative intent that the substantive law of a foreign jurisdiction controls in modifying a foreign matrimonial judgment.
[Footnote omitted.]
Based on the Colby decision, this court is satisfied that it must make an independent determination as to whether New Hampshire law or Connecticut law should be applied in determining a motion to award counsel fees, notwithstanding the fact that both counsel seek to have the court use New Hampshire law.
In Evans v. Evans, 35 Conn. App. 246, 644 A.2d 1317 (1994); the court, after holding that New York law should be applied in modifying a New York support order, went on to state in upholding an award of attorney's fees at pages 252-53 in part as follows:
 The plaintiff's third claim relates to the trial court's award of $10,000 in attorney's fees to the defendant. During discovery, the defendant moved for attorney's fees pursuant to General Statutes 46b-62. That section provides the trial court with the discretion to award reasonable attorney's fees to a spouse in accordance with the parties' respective financial abilities and the criteria set forth in 46b-82.
 Further, the trial court stated in its memorandum of decision that it had considered both of the parties' abilities to pay and the criteria enumerated in General Statutes 46b-82.
In Burton v. Burton, 189 Conn. 129, 454 A.2d 1282 (1983); the court, after holding that New York law should be applied in modifying a support order entered in New York, went on to state in upholding an award of attorney's fees at pages 141-43 in part as follows:
 The allowance of counsel fees is within the sound discretion of the trial court; Ridolfi v. Ridolfi, 178 Conn. 377, 380, 423 A.2d 85 (1979); provided the court considers the parties' respective financial abilities and the criteria set forth in General Statutes 46b-82. General Statutes 46b-62; see Murphy v. Murphy, 180 Conn. 376, 380, 429 A.2d 897 (1980). CT Page 3001
 With respect to the award for legal services rendered during the trial, the court specifically quoted the relevant provisions of General Statutes 46b-62. Although the court did not expand on the "respective financial abilities" of the parties pursuant to the claim for counsel fees, it is abundantly clear from the court's detailed memorandum concerning the petition for modification, the findings of which are supported by the record, that the plaintiff lacked sufficient financial resources to keep current her bills for such necessities as fuel oil, food and clothing. . . . While we recognize that the parties' respective financial positions, coupled with the criteria delineated within General Statutes 46b-82, control the propriety of a counsel fee award, we note that the nature, complexity and scope of the litigation are also relevant factors for consideration by the trial court in determining the amount of the award.
[Footnotes omitted.]
This court concludes, based on Burton and Evans, that Connecticut law controls the award of attorney's fees and not New Hampshire law.
In considering the question of attorney's fees for the defendant, this court has considered the parties' abilities to pay and the criteria of § 46b-82.
This court also considers it bound by Dobozy v. Dobozy,241 Conn. 490, 501 (1997), where the court in footnote eight stated as follows:
 Our review of the record also indicates that, although the attorney's fees awarded to the plaintiff constituted only one half of her claimed legal bill, that bill reflected services rendered in connection with the plaintiff's first two contempt motions, rather than the contempt proceeding at issue in this case. This was improper. Section 46b-62 provides that attorney's fees may be awarded in a "proceeding seeking relief" under the statutes pertaining to marital dissolution. (Emphasis added.) We interpret this statute to imply that a trial court may award attorney's fees incurred CT Page 3002 only in connection with the proceeding immediately before the court and not in connection with a legal action resolved in an antecedent proceeding. See Mallory v. Mallory, supra, 207 Conn. 58 (in contempt proceeding, § 46b-62 permits trial court to award attorney's fees incurred during "that contempt proceeding"). Having already acted on the plaintiff's first two contempt motions without awarding attorney's fees thereon, the trial court did not have the authority, under § 46b-62, to award fees for those proceedings on a retroactive basis. On remand, the trial court should ensure that whatever reasonable attorney's fees are properly owing to the plaintiff, those fees reflect only legal expenses arising in connection with the contempt proceeding at issue in this case, the January, 1995 hearing.
In awarding counsel fees in this case, this court is only considering counsel fees incurred after the defendant had established her one-year residency (September, 1997), and further, is not awarding counsel fees for any antecedent proceedings. This court has had the benefit of testimony of counsel for the defendant, as well as his itemized bill marked as plaintiff's exhibit two. Since the testimony of the defendant did not establish when in September of 1996, she established residency in Connecticut, this court is only considering expenditures and time spent commencing October 1, 1997. The itemized attorney's bill shows a reasonable charge incurred on October 3, 1997, of $67.50, which the court is allowing. This court awards counsel fees of $3,067.50 based on the estimate of additional time counsel for the defendant will spend for pendent lite motions presently pending, as well as in preparing for trial, and trial. The issue of what additional counsel fees, if any, that should be awarded following the trial is for the trial court to determine. The counsel fees awarded are to be paid by April 13, 1998.
AXELROD, J.