[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes to the court on two Motions for Modification of Child Support. The plaintiff has filed a Motion for a reduction of the child support and the defendant has filed a CT Page 3380 Motion for an increase of the child support obligation. The issues before the court are (1) whether the court should apply the laws of the State of Vermont or the State of Connecticut and (2) which motion should be granted.
The relevant facts are as follows: The parties were divorced in Vermont in June 1987. Subsequent to that proceeding, the parties in November 1987, signed an amended Judgement in which paragraph eight established the child support order. The parties have operated under that order until the present day. In 1989, the defendant and the minor children moved out of Vermont and presently resided in this state. The plaintiff vacated the State of Vermont in 1992 and currently resided in the State of Florida. Neither party has any connection to Vermont at this time.
In determining whether the court should apply the laws of Vermont or the laws of Connecticut, both parties agree that Connecticut General Statute 46b-71 (b) applies to the court treatment of foreign judgments. Likewise, both parties in their briefs agree that the substantive law of the foreign jurisdiction shall control, which in this case is Vermont. The difference in their argument lies in the extent of the application of the Vermont law. The plaintiff argues that the substantive law of Vermont includes the application of its procedures and guidelines. The defendant argues that the substantive law of Vermont defines and regulates the rights and duties of the parties which may give rise to a cause of action, and not the practice and procedure by which the substantive law is made effective.
A review of the limited case law in this area supports the position of the defendant. The prevailing view of our courts is that, even when the substantive law of the foreign state is applied, the courts of this state are not bound by the foreign state's guidelines. Evans v. Evans, 35 Conn. App. 246,644 A. 2nd 1317 (1994). Furthermore, the court in this case adopts the rationale of Judge Bassick in Sullivan v. Sullivan, Conn. Sup. (1992) wherein the court applied the substantive law of Michigan but made orders from the Connecticut guidelines. Here, neither party has resided in Vermont since 1992. The mother and children live in Connecticut presently. It is the interest of its citizens that the laws of our state seek to protect. The guidelines, as stated by Connecticut General Statute Section 46b-215b, shall be considered in all determinations of child support within the state. Therefore, the court concludes that in applying the CT Page 3381 substantive law of Vermont, it does not have to follow its guidelines.
The court must apply 15 V.S.A. 660 which controls modification of support orders. The relevant parts of the statute are:
 (a) On motion of either parent . . . and upon a showing of a real, substantial and unanticipated change of circumstances, the court may annul, vary or modify a child support order, whether or not the order is based upon a stipulation or agreement. If the child support order has not been modified by the court for at least three years, the court may waive the requirement of a showing of a real, substantial and unanticipated change of circumstances.
The plaintiff argues that defendant's motion for modification should fail because (1) the defendant has not shown a real, substantial and unanticipated change of circumstances and (2) the absence of an affidavit, as required by 15 V.S.A. 660(d), precludes the court from hearing the motion. Even if the court agreed with plaintiff's first claim, the second part of15 V.S.A. 660(a), indicating the court may waive such a requirement, could be utilized by the court. The statute leaves it to the discretion of the court to determine if the requirement of the change of circumstances should be followed if a period of time has elapsed which is greater than three years. Our courts have long held that the trial court has broad discretion in the absence of mandatory language of a statute. Koizim v. Koizim, 181 Conn. 492,435 A.2d 1030 (1980); Connolly v. Connolly,191 Conn. 468, 464 A.2d 837 (1983).
In this case, there has been almost twelve years since the last court action. Although the parties included language in their amended order which amounted to agreed increases, this should not be construed as modification by the court. Given the specific time included in the statute, it is reasonable to infer that the State of Vermont felt that, subject to the review of a court, parents should have the responsibility to provide child support and child support orders should reflect the true costs of raising children. Clearly, the appropriateness of the court's consideration of a modification at this time seems apparent given the continuing fluctuation of today's living expenses and the long period of time since the last court order.
Next, the court turns to plaintiff's claim that the absence of CT Page 3382 the affidavit mandated by subsection (d) of the Vermont statute precludes the modification of the child support order. Subsection (d) reads as follows:
 A motion to modify a support order under subsection (b) of this section shall be accompanied by an affidavit setting forth calculations demonstrating entitlement to modification and shall be served on other parties and filed with the court. Upon proof of service . . . the clerk of the court shall enter an order modifying the support award in accordance with the calculations provided, unless within 15 days of service of, or receipt of, the request for modification, either party requests a hearing.
Subsection (b) of the statute states that more than a ten percent variance in the amounts required to be paid under the support guidelines constitutes a real, substantial and unanticipated change of circumstances. Subsection (d) requires the affidavit to be filed in this category only. As previously discussed by the court, the review of the child support order more than three year old found in subsection (a) is also grounds for modification and no affidavit is required for that subsection. Moreover, as evidenced by a reading of the full subsection, this particular affidavit is used as a means to change the existing court order without a full evidentiary hearing before a judge. Unquestionably, this applies to the practice and procedure of the Vermont courts and not to the substantive law that the court, here, is obligated to follow. Accordingly, the court finds that the absence of the affidavit does not preclude the defendant from preceding on her motion for modification.
The court having determined that 15 V.S.A. section 660 allows the court to entertain the motion for modification, it now considers whether a modification is warranted. The plaintiff is involved in business ventures in the State of Florida, principally ownership of two gas stations. His financial affidavit reports a weekly income of $850 per week. The plaintiff's financial affidavit also shows an additional income of $15,000 which reflects a sum drawn from the corporation known as A.L. Petroleum. The plaintiff indicates that this second sum represents one half of the total sum of $31,000 drawn from the company because his present wife is a fifty percent owner of the company and accordingly, the other half should be attributed to her income. The defendant argues that the plaintiff's CT Page 3383 representation of these two figures as his income is incorrect and claims that the plaintiffs income should be much higher in determining the appropriate child support payment.
The plaintiff testified that the following personal items were paid through his business: his home mortgage, $36,000 per year; the taxes and insurances for his home, $5,000 per year; and the insurance for his cars and boat, $2,800 per year. These amounts, although paid through the business should be construed as income to the plaintiff. Any other accounting would afford the plaintiff the luxury of some $43,800 worth of normal expenses expected to be paid from one's income as a gift to him and a detriment to his children whom he has duty to support. The court further notes that since these numbers represent actual payments made on behalf of the plaintiff, they should be calculated as net income figures.
Furthermore, the court finds that this additional amount of $842 per week should be added to the $691.95 shown on the plaintiff's affidavit. Plaintiff's exhibit 10 indicates that the plaintiff draws a biweekly check equal to the $691.95 weekly as denoted on his financial affidavit to the court. The court, in its review of all the exhibits and testimony, found no indication that the biweekly check drawn by the plaintiff was used by the company to pay the personal items listed above. Therefore, the court can only conclude that they are two separate and distinct amounts, both of which should be used in determining the plaintiff's child support obligation.
Lastly, the court considers the sum taken from A.L. Petroleum. The court finds that the evidence does not support the claim made by the plaintiff that he should only count $15,000 of this sum as his income because his wife is a 50% owner of the company. Defendant's exhibit L, the 1997 tax form for the corporation, clearly lists the plaintiff as the sole owner of the company. If his wife was an owner, the tax return would indicate that fact. Such is the case in defendant's exhibit M which shows a form K-1 for each of the owners for that corporation. The full sum of $31,000, which the plaintiff testified was collected from the company after repayment of the loans by the plaintiff was completed, should be construed as income to the plaintiff. Hence, the court finds that, after the appropriate tax deductions, the plaintiff's weekly income is $1,932, to wit: $842.30 weekly for the $43,800 plus $397.44 weekly for $31,000 and the $691.95 weekly placed on his financial affidavit. This weekly income when CT Page 3384 applied to the child support guidelines would justify a modification of the plaintiff's child support obligation.
Finally, the court turns to the issue of the "problematical" $232 credit which is mentioned in the amended final order of the Vermont decree. A review of the amended order shows that the loan obtained by the plaintiff was done with the intent to satisfy a property settlement obligation to the defendant. Yet, the credit for the loan payment was given to the child support obligation. Although this is a situation unique in its application, it appears that the intent of the language was to give the plaintiff some relief in his child support obligation while he was paying off the note for the loan. It further appears that this agreement also gave some benefit to the plaintiff as she got immediate cash money for the property settlement which she was able to use adroitly, even to this day. Notwithstanding, the court will state that neither party offered to the court any rationale for the credit. However, this court cannot conclude that the credit should continue to apply to any new order fashioned by this court.
Our courts have long held that the guidelines should be applied without consideration for the payer's expenses. Proto v. Proto, 6 Conn. L. Rpt. 325 (1992). A payment on a loan, for whatever reason, would be listed on a financial affidavit as an obligor's expense. Furthermore, the guidelines and their commentary clearly set out the factors and categories for deviation from the guidelines. This set of circumstances does not fall into a stated deviation classification. It produces a result that reduces the child support payment because of a property settlement which directly violates the public policy of the guidelines and our courts. Additionally, even if the court did not find that the credit violates such public policy, the court would find it inequitable to continue such a credit. The loan no longer exists since it was paid off by the plaintiff in 1992 when the property securing the note was sold. It does not seem fair and equitable to the court that the plaintiff should continue to incur a benefit to some indefinite time in the future when he no longer has the detriment of the payment.
Accordingly, for all the above stated reasons, the defendant's Motion for Modification is granted. The court orders:
 The plaintiff shall pay to the defendant as child support the sum of $380 per week for the two minor children. Upon the CT Page 3385 oldest child's graduation from high school, the plaintiff shall pay to the defendant as child support the sum of $260 per week.
 The modification of the child support payment is retroactive to September 8, 1998 per the agreement of the parties.
 The plaintiff shall pay to the defendant the sum of $75 per week on the arrearage of $23,940. Said arrearage is established by multiplying the weekly child support payment by the number of weeks between 9/8/98 and 11/23/99. Said arrearage should be reduced by any payments made by the plaintiff during this period.
 The plaintiff shall pay to the defendant's attorney the sum of $750 as attorney fees for failure to respond to her requests for discovery in a timely fashion. Said payment shall be made within 90 days of the notice of this order.
 CALCULATION OF CHILD SUPPORT PAYMENT
Two children
$1932 plus $875 = $2807 (total income for both parents)
 $2807 x 21.78 $611 (Percentage in the spirit of parameters of the guidelines)
 $611 x .69 = $421 (Plaintiff's percentage of the child support)
 $380 child support payment (Within the accepted practice of deviation)
One child
$1932 plus $875 = $2807 (total income for both parents)
 $2807 x 14.74 = $414 (Percentage in the spirit of parameters of the guidelines)
 $414 x .69 = $285 (Plaintiff's percentage of the child support)
 $260 child support payment (Within the accepted practice of deviation)
CT Page 3386
The plaintiff's Motion for Modification is denied.
MOORE, J.