## DONNA EISENBAUM *v.* ALAN EISENBAUM
### (14792)

Schaller, Spear and Hennessy, Js.

Argued December 17, 1996—officially released April 1, 1997

*Arnold H. Klau*, with whom were *Nancy Thomson* and, on the brief, *Donald J. Cantor*, for the appellant (defendant).

*Raynald B. Cantin*, with whom was *John F. Morris*, for the appellee (plaintiff).

HENNESSY, J. The defendant appeals from the trial court's pendente lite order of child support. On appeal, the defendant claims that the trial court improperly (1) exceeded its jurisdiction in ordering the defendant to make payments other than child support, (2) awarded the plaintiff counsel fees and (3) changed the effect of its order in its response to the plaintiff's motion for clarification.[1]

The facts relevant to this appeal are as follows. The parties' marriage was dissolved in 1980. They later resumed living together and, in 1983, the parties had a child. They had a second child in 1986. The defendant has acknowledged paternity of both children. From November, 1983, to September, 1993, the parties lived together as husband and wife, although they were not legally married. Throughout the ten year period, the plaintiff has not worked outside the home, by mutual agreement of the parties. She has, instead, attended to the children's needs and to household matters. The defendant, who terms himself an investor, has had an

---

[1] Ordinarily, an appeal may not be taken from an order as to articulation or rectification. The sole remedy is a motion for review. *State* v. *Vincent*, 30 Conn. App. 249, 262, 620 A.2d 152 (1993), aff'd, 229 Conn. 164, 640 A.2d 94 (1994). In this case, the defendant filed a motion for review of the trial court's clarification of the orders with this court. We specifically allowed an appeal challenging the clarification by granting review and denying the relief requested without prejudice to the defendant's filing of an appeal as to the clarification.

income averaging approximately $250,000 per year over the past five years.

The parties separated in September, 1993. After the separation, the defendant moved out of the house but continued to pay household expenses, credit card bills, gas charges and expenses for the children, such as clothes, gymnastics and soccer. The plaintiff subsequently brought an action seeking, inter alia, support for the children.[2] After a hearing on February 14, 1995, the trial court temporarily ordered the defendant to pay as child support, $1000 per week and to continue to pay the household expenses and the outstanding credit card balance. In its March 28, 1995 memorandum of decision and its May 4, 1995 response to the plaintiff's motion for clarification, the trial court stated that its prior temporary order would continue as the permanent pendente lite order.

On May 17, 1995, the defendant filed an appeal from the trial court's order regarding his obligation to pay the household and credit card expenses. On July 19, 1995, the trial court granted the plaintiff's motion to terminate the stay and awarded her $10,000 in counsel fees. Upon the defendant's motion for review, this court reinstated the appellate stay. On November 2, 1995, the trial court responded to the plaintiff's motion for clarification indicating that its March, 1995 order was a "combination child support order of cash and in kind necessary to maintain the family home for the benefit of the children." The defendant amended his appeal to include the issues regarding the trial court's award of counsel fees and its November 1995 response to the motion for clarification.

The defendant first claims that the trial court exceeded its jurisdiction by making a pendente lite

---

[2] The plaintiff conceded at trial that she is not entitled to alimony because there was no marriage.

order other than child support.[3] He argues that the portion of the trial court's order requiring him to pay the household expenses[4] and the credit card bill is a disguised alimony order and, therefore, the order was outside the court's jurisdiction.[5]

General Statutes § 46b-61 allows the trial court to make any order as to the "custody, care, education, visitation and support of any minor child of the parties" in all cases in which the parents of the minor child live separately. "To determine the amount of support required by minor children, the court considers the needs of the children and the respective abilities of the parents to maintain them." *Whitney* v. *Whitney*, 171 Conn. 23, 29, 368 A.2d 96 (1976); see also General Statutes § 46b-84 (c).[6]

" 'In determining whether a trial court has abused its broad discretion in domestic relations matters, [the reviewing court allows] every reasonable presumption in favor of the correctness of [the trial court's] action.' " *Ashton* v. *Ashton*, 31 Conn. App. 736, 742, 627 A.2d 943, (1993), cert. denied, 228 Conn. 901, 634 A.2d 295 (1994).

[3] The defendant does not contest the portion of the trial court's order requiring him to pay $1000 per week.

[4] The trial court explained that household expenses included utilities, taxes, cable television and any other expenses associated with the maintenance of the home, but did not include long distance telephone calls.

[5] The defendant further argues that because there is no automatic stay of orders of alimony and child support, both the plaintiff and the trial court essentially admitted that the orders were not child support by the plaintiff's filing and the trial court's granting the plaintiff's motion to terminate the stay. We reject this argument. The plaintiff's and the trial court's actions did not automatically characterize the orders as not being child support.

[6] General Statutes § 46b-84 (c) provides: "In determining whether a child is in need of maintenance and, if in need, the respective abilities of the parents to provide such maintenance and the amount thereof, the court shall consider the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents, and the age, health, station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child."

We conclude that the trial court did not abuse its discretion in ordering the defendant to pay the household expenses. We also conclude, however, that the court improperly ordered the defendant to pay the credit card balance.

In the plaintiff's financial affidavit, she listed her total weekly expenses for herself and her two children as approximately $1843. We conclude that the trial court properly ordered the defendant to pay the household expenses in addition to $1000 per week based on the needs of the children and the parties' ability to pay. The trial court, however, had no authority to order the defendant to pay the credit card debt as part of pendente lite child support. "Child support orders must be based on the statutory criteria enumerated in General Statutes § 46b-84[7] of which one of the most important is the needs of the child." *Brown* v. *Brown*, 190 Conn. 345, 349, 460 A.2d 1287 (1983). Here, the record contains no evidence that the payment of the credit card balance was necessary for the maintenance of the children. This part of the support order was, therefore, improper.

The defendant next claims that the trial court improperly awarded the plaintiff $10,000 in counsel fees to defend the appeal. He maintains that because the appeal does not involve an order for either alimony or child support, the court was without jurisdiction to award the fees. He also argues that the trial court failed to apply the statutory criteria. We disagree with both of the defendant's assertions.

General Statutes § 46b-62 allows the trial court to order either parent to pay the reasonable attorney's fees of the other in any family relations matter.[8] "Whether to

---

[7] See footnote 6.

[8] General Statutes § 46b-62 provides in pertinent part: "In any proceeding seeking relief under the provisions of this chapter . . . the court may order either spouse or, if such proceeding concerns the custody, care, education, visitation or support of a minor child, either parent to pay the reasonable

allow counsel fees and in what amount calls for the exercise of judicial discretion. . . . In determining whether to allow counsel fees, the court must consider the statutory criteria set out in §§ 46b-62 and 46b-82 and the parties' respective financial abilities. . . . An abuse of discretion in granting the counsel fees will be found only if this court determines that the trial court could not reasonably have concluded as it did." (Citations omitted; internal quotation marks omitted.) *Cook* v. *Bieluch*, 32 Conn. App. 537, 544, 629 A.2d 1175, cert. denied, 228 Conn. 910, 635 A.2d 1229 (1993).

It is clear that this appeal is based on a family relations proceeding involving pendente lite child support and, therefore, the court had jurisdiction to award counsel fees. The defendant's argument that the trial court's order was not actually child support is irrelevant and does not change the undisputed fact that the hearing was a child support hearing. Furthermore, our review of the record indicates that the trial court considered the statutory criteria and the parties' financial abilities in determining whether to award attorney's fees. We, therefore, cannot conclude that the trial court abused its discretion or acted unreasonably in awarding the plaintiff counsel fees.

In the defendant's last claim on appeal, he argues that the trial court's November, 1995 clarification of its pendente lite judgment amounted to an impermissible modification of the judgment. The record reveals, how-

attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82. . . ."

General Statutes § 46b-82 provides in pertinent part: "In determining whether [attorney's fees] shall be awarded . . . and amount of the award, the court shall hear the witnesses, if any, of each party . . . shall consider the length of the marriage, the causes for the . . . dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81 . . . ."

ever, that the clarification did not modify the judgment. In its November, 1995 clarification, the trial court stated that its order was a "combination cash and in kind" child support order. Although the trial court failed specifically to state so in its memorandum of decision, in its May, 1995 clarification, the court made clear that the orders concerning payment of the household expenses and the credit card balance would continue during the pendente lite period. Furthermore, because the sole purpose of the proceedings was to decide child support, the court did not need specifically to articulate that these orders were child support orders. Thus, the November, 1995 clarification was not a modification of the pendente lite judgment.

The judgment is reversed as to the order requiring the defendant to pay the credit card balance,[9] and the case is remanded with direction to render judgment as on file except as modified to eliminate that order.

In this opinion the other judges concurred.

---

[9] In complicated dissolution cases, "[t]he rendering of a judgment . . . is a carefully crafted mosaic, each element of which may be dependent on the other." *Ehrenkranz* v. *Ehrenkranz*, 2 Conn. App. 416, 424, 479 A.2d 826 (1984). Therefore, when a reviewing court remands a case because of an improper order, it is necessary for the trial court to reconsider all of its financial orders. Here, however, the trial court need not reconsider all of its orders because this case involves child support only and does not affect any other proceeding.