[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This decision follows upon a two day trial limited to financial issues relative to a dissolution of marriage action instituted in November 1995. In November 1996 the case was referred (Reicher, JTR) to the Regional Family Trial Court, CT Page 9392 principally as a result of contested custody issues concerning the three minor children of the marriage.
At a hearing held at the regional level on May 6, 1997, the court (Steinberg, J.) entered judgment dissolving the marriage on the basis of its irretrievable breakdown. Sole custody of the minor children was awarded to the plaintiff mother. On the same date the parties reached agreement on a visitation schedule, and that agreement was approved by the court.
Apart from the entry of judgment and its decision regarding custody and visitation, the regional court referred back to this court for decision all financial issues which remained in dispute. In fashioning its orders this court although no express findings are made; Weiman v. Weiman, 188 Conn. 232, 234 (1982); has considered the applicable statutory criteria; § 46b-82; § 46b-84; Conn. Gen. Stat., including employment earnings of both parties.
The following orders may enter:
1. The defendant shall pay to the plaintiff by way of lump sum alimony the sum of $15,000.00. Although the amount represents the approximate aggregate amount of mortgage payments with reference to the marital residence which the defendant, despite a court order, has neglected to pay since December 1996, this order is not intended as punishment for the defendant's nonpayment. Since an action for foreclosure of the mortgage is pending and expected to proceed to judgment, the amount should assist the plaintiff in defraying the cost of moving to another residential property and in assuming anticipated rental expense liability.
2. The defendant shall pay by way of support for the minor children the sum of $350.00 per week. In making its award the court has considered the applicable statutory criteria; §46b-84, Conn. Gen. Stat.; including needs of the children. Brownv. Brown, 190 Conn. 345, 349 (1983). The amount is that which is proposed by the plaintiff, is consistent with the child support guidelines worksheet she has submitted, and finds support in the evidence presented. In this connection, the court finds that the defendant was not a credible witness and rejects as unreliable information contained in his guidelines worksheet and financial affidavit. It is the court's finding that the defendant has income and financial capabilities which will permit him to fulfill the financial obligation imposed herein. CT Page 9393
The court rejects the defendant's argument that he should not be required to pay any child support because of a "shared parenting plan" by which, he asserts, "[t]he children spend an equal amount of time at the homes of both parents. . . ." As hereinbefore noted, the regional court awarded sole custody of the three children (age 7 and twins age 4) to the plaintiff. While a parenting plan was approved, apart from vacations and holidays as to which there is some flexibility, the defendant is allowed exclusive access to the children for a period of approximately three days out of every fourteen days. Clearly, the plan does not contemplate equal time, and, considering the reasonable needs of the children and expenses the plaintiff, as a result, must incur, an adjustment factor in favor of the defendant for the reason claimed is not appropriate.
3. The plaintiff shall provide medical and dental insurance coverage available through her employment for the benefit of the minor children. The plaintiff and the defendant shall be equally liable for any unreimbursed medical and dental expenses of whatever sort.
4. The defendant shall purchase and maintain a life insurance policy in an amount not less than $100,000.00, naming the children of the marriage as co-beneficiaries until each child attains eighteen years of age.
5. The parties shall be liable respectively for payment of debts shown on their most recent financial affidavits on file.
6. The defendant shall contribute $7,500.00 toward payment of the plaintiff's counsel fees. § 46b-62, Conn. Gen. Stat. In making its award the court has considered evidence received which bears on the parties' respective financial abilities, as well as the applicable statutory criteria. § 46b-82, Conn. Gen. Stat.; Eisenbaum v. Eisenbaum, 44 Conn. App. 605, 610 (1997).
The judgment file is to be prepared by Attorney Jacqueline A. Wilson.
It is so ordered.
BERNARD D. GAFFNEY JUDGE, SUPERIOR COURT CT Page 9394