[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This an action brought in two counts by the plaintiff, Linda Sanzo, against the defendant, Daniel Skuret. In essence, the allegations are that the parties had an attorney-client relationship. In the course of this relationship, it is alleged that a personal injury action brought by the defendant on behalf of the plaintiff was settled for the sum of $75,000. The plaintiff claims that these funds were co-mingled by the defendant with his own funds, and a portion thereof converted to his own use, and that the defendant has failed to account for these funds. As for the second count, the plaintiff alleges she transferred real property at 131 R North Street, Seymour, to the defendant by warranty deed for an alleged consideration of $12,053.00. The plaintiff claims that she never received the consideration stated and that the defendant is in fact holding the property in trust for the plaintiff. The plaintiff seeks an CT Page 6786 accounting of all property and money held by the defendant for her benefit, damages and counsel fees, as well as reconveyance of the real property held.
There is no question that there was a longstanding relationship between the parties. In addition, the parties agree that the real property, while conveyed outright to the defendant, was nevertheless conveyed subject to an oral agreement under a constructive trust or condition and that, upon the payment of monies due him by the plaintiff, he would reconvey the property back to the plaintiff.
While much is being made by the plaintiff concerning allegations of unethical conduct rising to the level of violations of the Canons of Professional Conduct by the defendant, the issue before this court is whether the defendant has or has not made an accounting for all funds or property held by him. Whether the defendant has violated the Canons of Professional Conduct is for the Grievance Committee to decide. The defendant is not before the court as a result of any Presentment being made by the Grievance Committee.
With that aside, the court will now determine whether the defendant has in fact accounted to the plaintiff for all monies or property held by him in her behalf. Originally, plaintiff's complaint, paragraph 2a, made reference to the proceeds of an insurance claim for a fire loss affecting the property on North Street. This paragraph was subsequently deleted by way of an amendment to the complaint. In addition, paragraph 3 of plaintiff's complaint was also amended to reduce the claim of funds being held by the defendant as trustee from $150,000 to $75,000. This sum happens to be the amount received by the plaintiff from her personal injury action. The claim for an accounting therefore can only relate to the proceeds of the personal injury action: $75,000.
The defendant has responded to the plaintiff's complaint by filing an answer, special defenses and a cross complaint, answer, the defendant has denied the material allegations contained therein. There are four special defenses filed. The first special defense alleges a full accounting was made of the funds received; the second special defense alleges that a full accounting was made at the time of the fire loss and any further accounting was barred by the doctrine of laches; the third special defense alleges that the proceeds of the personal injury action were CT Page 6787 accounted for and any further accounting was barred by the doctrine of laches; and the fourth special defense alleges that the action is barred by the Statute of Limitations, § 52-576
of the General Statutes.
Since the plaintiff has deleted her claim for an accounting of the fire loss, the court will not consider any claim relating to said loss at 131 R North Street, Seymour.
The cross complaint alleges a longstanding attorney-client relationship existed from September 1978 to September 1995; that on September 24, 1981 Linda Sanzo conveyed by warranty deed the property on North Street, Seymour, subject to an oral agreement that she could use the property and upon payment of monies due Attorney Skuret from Ms. Sanzo he would reconvey the property to her; that the consideration for the deed of September 29, 1981 to said property was the sum of $12,093.60, representing legal fees owed to him at the time and that the transfer occurred after the fire loss alleging therefor that the consideration was more than adequate.
Furthermore, the defendant alleges that since that date, he has expended the sum of $170,106.02 in renovating the property and that he has applied against that sum as reimbursement the sum of $24,260.93 a portion of the proceeds of her personal injury action, leaving due Attorney Skuret the sum of $145,854.02.
In his prayer for relief, the defendant asks that the "oral trust" be terminated upon the payment to him of the sum of $145,854.02 and that failing such payment the trust be terminated vesting absolute title in him.
First, let the court consider the question of whether the defendant accounted for the proceeds of the personal injury action. The defendant testified that as was he practice he met with and went over the disbursements from the $75,000 received in settlement of her claim. Only the second page of the disbursement statement was to be found in his file but his testimony was that there was in fact a first page which he went over with his client as was his practice. The first page was reconstituted for his hearing before the Grievance Committee and is part of trial Exhibit 27. This exhibit shows a disbursement of $25,000 to the defendant, representing his fee in the personal injury action. The exhibit further discloses that disbursements were made either directly to Ms. Sanzo or on her behalf, amounting to $25,739.07. CT Page 6788 Finally, a sum amounting to $24,260.93 was disbursed to Daniel D. Skuret, the defendant, as reimbursement for the monies spent on the North Street property.
Testimony was elicited that on more than one occasion the plaintiff came to the defendant's office and was allowed access to the file. In fact, there were times that she was alone with the file.
The court finds that a full accounting was made by the defendant to the plaintiff of the proceeds of the personal injury actions.
In addition to his claim that he accounted for the monies received from the plaintiff's personal injury action, the defendant has pleaded a special defense of laches.
In the case of Dunham v. Dunham, 204 Conn. 303, 327, the court held that: "A party may, however, be barred from seeking equitable relief by the defense of laches, which applies only if there has been an unreasonable, inexcusable and prejudicial delay in bringing suit." (Citations omitted.)
"Laches consists of an inexcusable delay which prejudices the defendant. . . . The defense of laches does not apply unless there is an unreasonable, inexcusable and prejudicial delay in bringing suit. . . . Delay alone is not sufficient to bar a right. The delay in bringing suit must be unduly prejudicial."Cummings v. Tripp, 204 Conn. 67, 88 (citations and quotations omitted).
In Nauss v. Pinkes, 2 Conn. App. 400. 410 where the plaintiff was seeking an injunction the court stated that "A conclusion that a delay of nearly fifteen years in asking for this type of relief constituted laches is not unreasonable and therefore it is not erroneous." (Internal citations omitted).
The present action was commenced in October of 1995 some eleven years after the personal injury action was settled. This length of time the court finds to be unreasonable and inexcusable and the defendant has been prejudiced as evidenced by the fact that a portion of the disbursement statement was lost and had to be reconstructed. Thus, the court finds the plaintiff guilty of laches. CT Page 6789
As for the property at 131 R North Street, Seymour the parties agree that while it was transferred outright by way of a warranty deed there was an oral agreement between the parties that the plaintiff would have the use of the property and upon payment to the defendant of the funds advanced to her for the improvement of the property or for her own use the defendant would convey the property back to the plaintiff. It is her allegation that he has never accounted to her during the time he held the ownership of the property and is seeking a termination of the agreement and the return of the property to her.
In the case of Brown v. Brown, 190 Conn. 345, 349 the court quoting from Scott on Trusts (3Ed) Sec. 462 p. 3413 stated that, "A constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it."
"It hardly needs reciting that under our Statute of Frauds, General Statute § 52-550, oral agreements concerning interests in land are unenforceable . . . In this jurisdiction however the law is established that the Statute of Frauds does not apply to trusts arising by operation of law." Hieble v.Hieble, 164 Conn. 56, 59. (Internal citations omitted).
"In Beatty v. Guggenheim Exploration Co., 225 N.Y. 380, 386,122 N.E. 378, (1919) Judge Cardoza wrote `A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee . . . The imposition of a constructive trust in equity is a remedial device designed to prevent unjust enrichment. . . . Thus a constructive trust arises where a person who has title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it . . . One holding title to property upon which a constructive trust is imposed is not compelled to reconvey the property because he is a constructive trustee; it is because he can be compelled to convey title to the property that he is a constructive trustee.'" Cohen v. Cohen, 182 Conn. 193,202-203. (Internal citations omitted).
In the present instance, we have an oral agreement, we also have a confidential relationship and we have the conduct of the CT Page 6790 parties, all of which constitutes a constructive trust. The conditions of the trust however were that the property would be reconveyed to the plaintiff upon payment to the defendant for monies spent on the property or on her behalf.
At the time of the conveyance the house on the property had been totally destroyed by fire and access to the property was in question. The defendant as considerations for the transfer of property forgave $12,053.00 of legal fees. The transfer, however, was subject to the oral agreement.
In restoring the property the defendant alleges he has spent $170,106.02 less the reimbursement for expenses received from the proceeds of the personal injury action in the amount of $24,260.93 leaving a net amount of $145,854.02. The defendant is seeking reimbursement for this sum in return for a reconveyance of the property to the plaintiff.
The court, in examining Exhibits 28, 15 and 20, found the expenditures by the defendant to be slightly in excess of the claimed amount. This evidence shows not only a compilation of the expenditures made but also the canceled checks substantiating these figures. These very same checks also note to whom the checks were drawn. Checks for substantial amounts were drawn directly to Linda Sanzo.
Not only has the defendant accounted for the proceeds of the personal injury action but he has also accounted for all monies paid to or on behalf of the plaintiff relating to the property on North Street. In addition, the plaintiff has had the full and uninterrupted use of the property since its restorations as evidenced by the tenancy of her daughter and former husband.
In summary, the court finds that the defendant accounted to the plaintiff for the proceeds of the personal injury action. The court further finds that the real property at 131 R North Street, Seymour, was transferred from the plaintiff to the defendant under the terms of a constructive trust, the transfer being conditioned upon the defendant reconveying the property to the defendant upon the payment of the debt due the defendant from the plaintiff herein.
The trust is hereby terminated upon the payment of $145,854.02 from the plaintiff to the defendant and thereupon the defendant is ordered to convey said property to the plaintiff. CT Page 6791
All of this is to be accomplished within a period of sixty days. Should the plaintiff fail to pay over said sums within the time prescribed, then the trust is hereby terminated and the title to said property shall vest absolutely in the defendant.
Judgment may enter in accordance with the above.
The Court Curran, J.